Case No. 06-25162-CA-21

## INTERROGATORY NO. 10

Please state if you have ever been a party, either Plaintiff or Defendant, in a lawsuit other than the present matter, and, if so, state whether you were Plaintiff or Defendant, the nature of the action, and the date and court in which such suit was filed.

### ANSWER

Ca. No. 06-25162-CA-21

## INTERROGATORY NO. 11

Identify each third person who has contacted you, or any attorney or representative of yours, concerning this action or its subject matter, or who has been contacted by you, or any attorney or representative of yours, concerning this action or its subject matter.

## ANSWER

Ca    No. 06-25162-CA-21

## INTERROGATORY NO. 12

(a) State with specificity and particularity each and every fact in support of your contention that "Chernys' termination of employment was without cause and in violation of the Agreement he reached with the Defendants," as alleged in paragraph 56 of the Complaint and, for each such fact. list the name, address, telephone number and job position of each person who you believe has knowledge of these facts and the basis for each person's knowledge; and (b) explain why Plaintiff believes Defendants needed cause to terminate his employment.

## ANSWER

## INTERROGATORY NO. 13

State the terms of the oral contract you contend you had with Defendants to participate in the profit sharing program for 2004, 2005 and 2006, as alleged in Paragraph 32 of the Complaint. With regard to such oral contract, identify: (a) the person or persons with whom you had such a conversation; (b) the exact terms of the offer made by each Defendant; (c) when the oral contract was entered into; and (d) any witnesses to the statement(s).

## ANSWER

## INTERROGATORY NO. 14

Identify each and every "representation" made by Defendants that you would participate in the profit sharing plan for 2004, 2005 and 2006. Include in your response for each "representation" made (1) the name(s) of the individual(s) who made the "representation"; (2) to whom the "representation" was made; (3) when the "representation" was made; (4) the exact terms of the "representation"; and (5) identify all witnesses to the "representation."

### ANSWER

Case No. 06-25162-CA-21

## INTERROGATORY NO. 15

For each Request for Admission to which your response is anything other than an unqualified admission, state all facts upon which you base your denial or qualification.

## ANSWER

## VERIFICATION

LEONARD CHERNYS, being duly sworn, deposes and says:

1.    I am the Plaintiff in the above-referenced matter. I am fully familiar with the facts set forth herein.

2.    I have reviewed the above answers to interrogatories, and verify upon penalty of perjury that they are true and correct to the best of my knowledge.

_____

LEONARD CHERNYS


STATE OF FLORIDA                    )
                                    ) ss.:
COUNTY OF_____              )

SWORN  TO  AND  SUBSCRIBED  to  before  me  this  _____  day  of

_____, 2007, by Leonard Chernys, who is personally known to me or has produced

_____ as identification.


_____
(Notary Signature)

_____
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

Case No. 06-25162-CA-21

Dated this ___ day of February 2007.

Respectfully submitted,

By: _____
Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer Schwartz, Esq.
Florida Bar No. 5024301
E-mail: *schwartj@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 577-7600
Facsimile:  (305) 373-4466
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been furnished via U.S. Mail, on this ___ day of February 2007, to: Gary M. Carman, Esq., counsel for Plaintiff, 1111 Brickell Avenue, Suite 2050, Miami, FL 33131.

_____
Jennifer A. Schwartz, Esq.

-21-

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 06-25162-CA-21

LEONARD CHERNYS )
                                              )
            Plaintiff,                        )
                                              )
vs.                                           )
                                              )
STANDARD PACIFIC OF SOUTH                     )
FLORIDA, G.P. INC., and STANDARD              )
PACIFIC CORP.                                 )
                                              )
            Defendants.                       )
_____)

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION
## TO PLAINTIFF LEONARD CHERNYS

Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P. INC. and

STANDARD PACIFIC CORP. (hereafter collectively referred to as "Defendants" or "Standard

Pacific"),[1] by and through the undersigned counsel, propound the following First Request for

Production of Documents upon Plaintiff, LEONARD CHERNYS, pursuant to Florida Rule of

Civil Procedure 1.350, and request that Plaintiff produce the documents described below. The

requested documents are to be served on the undersigned counsel within thirty (30) days from

the date of service of this Request. This Request covers all documents which are in Plaintiff's

possession, custody or control, available to Plaintiff, or in the possession, custody, control or

available to any representative of Plaintiff.

---

[1] Reference to Defendants collectively includes each Defendant on an individual basis.

## DEFINITIONS

For the purposes of this Request for Production, the following definitions shall apply:

1.       The terms "document" or "documents" shall mean the original and all copies of any written, typewritten, handwritten, printed, graphic, photographic or recorded materials.

2.       "Communication" shall mean any recordation, exchange or transfer of information, whether in writing, oral or other form, including, but not limited to, memoranda or notes to the file, telephone conversations and meetings, letters, facsimiles, e-mails, and telegraphic communications, and includes all information relating to oral communications.

3.       "You" or "your" shall mean Plaintiff, LEONARD CHERNYS.

4.       To the extent that you consider any of the following Requests objectionable, respond to so much of each Request and part thereof, as is not objectionable in your view and separately state that part of each Request as to which you raise objection and each ground for such objection.

5.       For each and every request to produce which requests information for which production is refused pursuant to a claim of privilege, state:

        a.       the number of the request to produce;

        b.       the privilege claimed;

        c.       the form of the document (e.g., letter/memorandum);

        d.       the date of the document;

        e.       the subject matter of the document;

        f.       the author of the document;

        g.       the addressee of the document;

        h.       all persons to whom copies of the document were furnished;

        i.       addresses and telephone numbers of all such persons;

        j.       the number of pages of the document; and

        k.       whether the document contained any non-privileged material, and, if so, a description thereof.

CASI ̃O.: 06-25162-CA-21

## REQUEST TO PRODUCE

1.      Any documents which relate or refer to any communication between you and Defendants concerning the subject matter of this action.

2.      Any documents which relate or refer to any communication between you and any third parties, including David Weber and Jim Carr, concerning the subject matter of this action.

3.      Any documents which relate or refer to any agreements between you and the Defendants.

4.      Any documents which relate or refer to any source of income you have received since the cessation of your employment with Defendants including, but not limited to, pay stubs from Defendants or other employers, canceled social security checks, and other government benefits assistance.

5.      Any documents which relate or refer to your attempts to obtain employment subsequent to your employment with Defendants, including but not limited to, copies of employment applications, resumes, correspondence, notes, memoranda and other documents to and from potential employers, employment agencies and employment recruiters.

6.      Any documents which relate or refer to your full-time or part-time employment subsequent to your employment with Defendants, including but not limited to, employment applications, personnel policies, employee handbooks, benefit plans, job evaluations, pay stubs, and job descriptions.

7.      All documents that demonstrate, relate or refer to any income you have received from January 1, 2002 through the present including, but not limited to, income tax returns, W-2 forms and/or 1099 forms.

- 3 -

8.    Any documents which relate or refer to your self-employment or work performed as an independent contractor subsequent to your employment with Defendants, including but not limited to, benefit plans, pay stubs, job descriptions, contracts, and work performed.

9.    Any documents supporting your claim that you had an agreement with one or both Defendants for continued long-term employment beyond 2006.

10.    Any documents supporting your claim that you waived your right to receive a 2006 profit sharing distribution.

11.    Any documents relating to your employment with either Defendant in which you were advised you were employed at-will.

12.    Any documents supporting your claim that you had a contractual right or agreement to receive a profit sharing distribution for 2006.

13.    Any documents supporting your claim that Defendants agreed to allow you to participate in the Company's profit sharing plan "through the end of December 2006", as alleged in Paragraph 14 of the Complaint.

14.    Any documents supporting your claim that you demanded Defendants honor the terms of an agreement and restore your right to the profit sharing program for 2006, pay the balance of your 2006 salary, or continue your employment.

15.    Any documents demonstrating or evidencing the "contractual decisions" which occurred in early 2006 "in which it was agreed that the Plaintiff would waive his right to the profit sharing plan for continued long-term employment with the company," as alleged in Paragraph 33 of the Complaint.

16.    Any documents showing or tending to prove that you were anything but an at-will employee.

17.    All documents or contracts which require that Defendants needed cause to terminate your employment.

18.    Any documents that you identified, reviewed or relied upon in responding to or formulating your responses to Defendants' First Set of Interrogatories.

19.    Any documents which have not been produced in response to this Request for Production but which relate to or support your allegations in this matter.

Dated this ___ day of February 2007.

> Respectfully submitted,
>
> By: _____
> Christine L. Wilson, Esq.
> Florida Bar No. 143588
> wilsonc@jacksonlewis.com
> Jennifer Schwartz, Esq.
> Florida Bar No. 5024301
> schwartj@jacksonlewis.com
> JACKSON LEWIS LLP
> One Biscayne Tower
> 2 South Biscayne Boulevard -Suite 3500
> Miami, FL 33131
> Telephone: (305) 577-7600
> Facsimile: (305) 373-4466

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been furnished via U.S. Mail, on this ___ day of February 2007, to: Gary M. Carman, Esq., 1111 Brickell Avenue, Suite 2050, Miami, FL 33131

Jennifer A. Schwartz, Esq.

# EXHIBIT B

LAW OFFICES

# Gary Carman, Esq.

**Mellon Financial Center**
*1111 Brickell Avenue, Suite 2050*
*Miami, Florida 33131*
*Telephone (305) 379-8300 Ext: 204*
*Fax (305) 379-4404*

## FACSIMILE TRANSMISSION

Date:       March 19th, 2007

To:         Jennifer Schwartz, Esq.

Fax No.:    (305) 373-4466

From:       Gary M. Carman, Esq.

Subject:    Chernys vs. Standard Pacific

Comments:   Attached please find the response to the first request for production.

Number of Pages **including** cover sheet: _4_

If you do not receive all of the pages, please call Natalie (305) 379-8300.

THIS FAX CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS FAX IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY UNAUTHORIZED DISCLOSURE, COPYING, DISTRIBUTION, OR TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS FAX IS STRICTLY PROHIBITED AND REVIEW BY ANY INDIVIDUAL OTHER THAN THE INTENDED RECIPIENT SHALL NOT CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FAX TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

IN THE CIRCUIT COURT
IN AND FOR THE ELEVENTH
JUDICIAL CIRCUIT OF
MIAMI-DADE COUNTY,
FLORIDA

LEONARD CHERNYS )
)
)
Plaintiff, )
) CIVIL DIVISION
)
vs. )
) CASE NO.: 06-25162-CA-21
STANDARD PACIFIC OF SOUTH )
FLORIDA, G.P. INC., and )
STANDARD PACIFIC CORP. )
)
Defendants. )
_____ )

## RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION TO PLAINTIFF LEONARD CHERNYS

**The Plaintiff**, Leonard Chernys, hereby files its Response to Defendant's First

Request for Production to Plaintiff Leonard Chernys.

1. We will produce all documents currently in our possession and those we gain

   in discovery at a later time.

2. Plaintiff doesn't have such documents.

3. All documents currently in the Plaintiff's possession will be produced.

4. Plaintiff doesn't have such documents.

5. All documents currently in the Plaintiff's possession will be produced.

6. Plaintiff doesn't have such documents.

7. Objection, relevancy materiality and Plaintiff files Joint Returns and the

   Returns are privileged and confidential. Defendant for the 2002 through 2006

years is the only source of Plaintiff's income other than interest and sale of property and they are in possession of all W-2 forms.

8. Plaintiff doesn't have such documents.

9. We are in the process of obtaining such documents in discovery.

10. Plaintiff doesn't have such documents at this time.

11. None, as to the Plaintiff's employer, Standard Pacific of South Florida, G.P., Inc. and Plaintiff was not employed by Standard Pacific Corporation.

12. Documents will be produced as obtained in discovery.

13. These documents will be produced as obtained from Defendants and others in discovery.

14. See Complaint.

15. Plaintiff doesn't have such documents.

16. None at this time, discovery is pending.

17. Plaintiff doesn't have such documents at this time.

18. Documents not privileged nor attorney-client will be produced.

19. Plaintiff doesn't have such documents.

Respectfully submitted,
Gary M. Carman
1111 Brickell Avenue,
Suite 2050
Miami, Florida 33131
Phone: 305-379-8300
Fax: 305-379-4404
Florida Bar No. 179409

By:

# EXHIBIT C



| Jackson Lewis LLP | ATLAN... GA | LOS ANGELES, CA | SACRAMENTO, CA |
| One Biscayne Tower, Suite 3500 | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| Two South Biscayne Boulevard | CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| Miami, Florida 33131 | CLEVELAND, OH | MORRISTOWN, NJ | STAMFORD, CT |
| Tel 305 577-7600 | DALLAS, TX | NEW YORK, NY | WASHINGTON, DC REGION |
| Fax 305 373-4466 | GREENVILLE, SC | ORLANDO, FL | WHITE PLAINS, NY |
| www.jacksonlewis.com | HARTFORD, CT | PITTSBURGH, PA | |
| | LONG ISLAND, NY | RALEIGH-DURHAM, NC | |

March 20, 2007


<u>VIA FACSIMILE & U.S. MAIL</u>

Gary Carman, Esq.
GARY CARMAN, P.A.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, FL 33131

Re:  *Leonard Chernys v. Standard Pacific Homes*
     Case No.: 06-25162-CA-21

Dear Mr. Carman:

 This letter is written in a good faith effort to resolve the following discovery dispute with you without the need for the Court's intervention. On March 19, 2007, we received by facsimile Plaintiff's Responses to Defendants' First Request for Production. The Responses are insufficient for the following reasons.

 First, Plaintiff's responses to Requests Nos. 1, 3, 5, 12 and 18 are insufficient because they indicate that responsive documents exist, yet no documents have been produced. As you are aware, depositions have been scheduled in this case, and Defendants are prejudiced each day that Plaintiff fails to produce responsive documents.

 Second, Plaintiff's objections to Request No. 7 are without merit. Request No. 7 asks Plaintiff to produce "[a]ll documents that demonstrate, relate or refer to any income you have received from January 1, 2002 through the present, including, but not limited to, income tax returns, W-2 forms and/or 1099 forms." Plaintiff's response states "[o]bjection, relevancy materiality and Plaintiff files Joint Returns and the Returns are privileged and confidential. Defendant for the 2002 through 2006 years is the only source of Plaintiff's income other than interest and sale of property and they are in possession of all W-2 forms." Because Plaintiff is seeking lost wages in this case, documents reflecting income he received are relevant to his damages claim. See Wherefore Clause following ¶ 39 of the Complaint, subsection (D). Plaintiff admits in his response that he received income from the interest and sale of property, but fails to produce any documents reflecting the amount of money he received. He further claims that his joint tax returns are privileged and confidential, yet failed to produce any other documents which reflect the income he received during this time period. Contrary to Plaintiff's

**jackson | lewis**

Attorneys at Law

objections, his tax returns are not privileged or confidential. If you have any authority to the contrary, please provide it.

Defendants request that Plaintiff produce all responsive documents in his possession, custody and/or control by the end of the business day on Friday, March 23, 2007. Please also produce by that date a Privilege Log of all documents withheld from production on the basis of privilege, as indicated in Plaintiff's response to Request for Production No. 18. If Plaintiff fails to produce the documents by the above date, we will have no alternative but to file a Motion to Compel and for sanctions to recover the fees and costs unnecessarily incurred by Defendants in connection with the preparation of the motion and arguing the motion at a hearing. We hope that will not be necessary.

Very truly yours,

JACKSON LEWIS LLP

Jennifer A. Schwartz, Esq.

JAS/bt

# EXHIBIT D



Representing Management    ...    in Workplace Law and Related Litigation

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| One Biscayne Tower, Suite 3500 | BOSTON, MA | MIAMI, FL | SACRAMENTO, CA |
| Two South Biscayne Boulevard | CHICAGO, IL | MINNEAPOLIS, MN | SAN FRANCISCO, CA |
| Miami, Florida 33131 | DALLAS, TX | MORRISTOWN, NJ | SEATTLE, WA |
| Tel 305 577-7600 | GREENVILLE, SC | NEW YORK, NY | STAMFORD, CT |
| Fax 305 373-4466 | HARTFORD, CT | ORLANDO, FL | WASHINGTON, DC REGION |
| www.jacksonlewis.com | LONG ISLAND, NY | PITTSBURGH, PA | WHITE PLAINS, NY |

March 22, 2007

<u>VIA FACSIMILE & U.S. MAIL</u>

Gary Carman, Esq.
GARY CARMAN, P.A.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, FL 33131

      Re: *Leonard Chernys v. Standard Pacific Homes*
         Case No.:  06-25162-CA-21

Dear Mr. Carman:

   On February 13, 2007, Defendants served Plaintiff with a First Set of Interrogatories.  Plaintiff's responses to the Interrogatories were due on or before March 20, 2007.  To date, we have not received Plaintiff's responses to the Interrogatories nor a request for an extension of time to produce same.  Please advise when we can expect to receive Plaintiff's responses to Defendants' First Set of Interrogatories.

   We look forward to hearing from you.

      Very truly yours,

      JACKSON LEWIS LLP

      Jennifer A. Schwartz, Esq.

JAS/bt

# EXHIBIT E

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 06-25162-CA-21

LEONARD CHERNYS                          )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )
                                         )
STANDARD PACIFIC OF SOUTH                )
FLORIDA, G.P. INC., and STANDARD         )
PACIFIC CORP.                            )
                                         )
            Defendants.                  )
                                         )

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF LEONARD CHERNYS

Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P., INC. and STANDARD PACIFIC CORP. (hereafter collectively referred to as "Defendants" or "Standard Pacific"),[1] by and through its undersigned counsel, propounds the following First Set of Interrogatories upon Plaintiff, LEONARD CHERNYS, and requests that they be answered separately, fully and under oath, within thirty (30) days of service, pursuant to Florida Rule of Civil Procedure 1.340.

### DEFINITIONS

a.      The words "you," "yours," and/or "yourselves" mean Plaintiff, LEONARD CHERNYS, or other persons acting or purporting to act, on the behalf of Plaintiff, LEONARD CHERNYS.

---

[1] Reference to Defendants collectively includes each Defendant on an individual basis.

b.      The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

c.      "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

d.      The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

e.      "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

f.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

g.      The words "pertain to" or "pertaining to" mean: related to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

h.      The words "relate or refer to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

i.      The terms "third party" or "third parties" refers to individuals or entities that are not a party to this action.

j.   The term "action" shall mean the case entitled <u>Leonard Chernys v. Standard Pacific of South Florida, G.P., Inc. and Standard Pacific Corp.</u>, Case No. 06-25162-CA-21, pending in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida.

l.   "Identify," when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e., correspondence, memorandum, facsimile, etc.); (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

m.   "Identify," when used in reference to an individual, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

n.   "Identify," when used in reference to a firm, partnership, corporation, proprietorship, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff.

## INSTRUCTIONS

If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

(1)    the nature of the privilege claimed (including work product);

(2)    if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3)    the date of the document or oral communication;

(4)    if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee; and if not apparent, the relationship between the author and addressee;

(5)    if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6)    the general subject matter of the document or oral communication.

Case No. 06-25162-CA-21

## INTERROGATORY NO. 1

Identify and provide the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, and state the specific nature and substance of the knowledge that you believe each person may have.

## ANSWER

➤ Jim Carr – Carr Residential, LLC., 1560 S. Dixie Highway, Suite 209, Coral Gables, FL 33146, 305-666-4900.

➤ Hal Eisenacher - Carr Residential, LLC., 1560 S. Dixie Highway, Suite 209, Coral Gables, FL 33146, 305-666-4900.

The knowledge that both Mr. Carr and Mr. Eisenacher possess are the terms and conditions and obligations of Standard Pacific to Mr. Chernys for his soft landing, his entitlement to the receipt of the 2006 Pre-Tax bonus and other information to be learned at the time of discovery.

➤ Mike Courtney – Standard Pacific Corp., 15326 Alton Parkway, Irvine, CA 92618, 949-789-1600. Knowledge of Standard Pacific's obligations to Plaintiff to pay his profit sharing for 2006 and the nature of the contractual obligations with Plaintiff.

➤ Bruce Dickson - Standard Pacific Corp., 15326 Alton Parkway, Irvine, CA 92618, 949-789-1600. Unknown.

➤ Diana Ibarria - Standard Pacific of South Florida, 9900 SW 107th Avenue, Miami, FL 33176, 305-595-3281. See above.

*\*\*Other names will be supplied as discovery unfolds.\*\**

Case No. 06-25162-CA-21

## INTERROGATORY NO. 2

Please identify each employer for whom you have worked since the cessation of

your employment with Standard Pacific by completing the below chart.

## ANSWER

| Name/Address of Employer | Dates of Employment | Job Titles(s) | Rate(s) of Pay | Name of Immed. Superv. | Reason for leaving |
|---|---|---|---|---|---|
| HAA Preferred Partners Supervised and expedited build out space. Fee received: $5,000.00 | Oct.-Feb. 2006-2007 | N/A | 0 | N/A | Job finished. |

Case No. 06-25162-CA-21

## INTERROGATORY NO. 3

Please identify each employer or potential employer that you have contacted or have been contacted by with respect to possible employment since the cessation of your employment with Standard Pacific by completing the below chart:

## ANSWER

| Name/Address of Employer | Method and Date of Contact | Position Sought | Employer Response | How You Learned of the Position |
|---|---|---|---|---|
| NONE. | | | | |

-7-

Case No. 06-25162-CA-21

## INTERROGATORY NO. 4

Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

## ANSWER

None.

-8-

## INTERROGATORY NO. 5

With regard to your claim in Paragraph 33 of the Complaint that "in 2006 the Plaintiff and Defendants had certain contractual decisions in which it was agreed that the Plaintiff would waive his right to the profit sharing plan for continued long term employment with the company," please identify all facts supporting this contention including, but not limited to, (a) the person or persons who made the "contractual decisions" on behalf of each Defendant; (b) the exact terms of all offers made by each Defendant and whether you accepted such offers; and (c) any witnesses to such "contractual decisions," conversations or negotiations.

## ANSWER

(a) Discussions took place between the Plaintiff and Diana Ibarria about his willingness to continue to work for the company for the next four or five years in lieu of receiving the agreed "soft landing" arrangement that he had with the company. (b) However, no waiver of the monies due Plaintiff under the soft landing was abandoned or waived, only the time period in which and how they would be paid. (c) Witnesses to these conversations are unknown at this time.

## INTERROGATORY NO. 6

Please state each item of damage that you claim. Include in your answer: (1) the count to which the item of damages relates; (2) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (3) the factual basis for each item of damages; (4) an explanation of how you computed each item of damages, including any mathematical formula used; and (5) identify any documents in support of your damage claims.

### ANSWER

1. We are at this time unable to calculate our damages, as the Defendant has failed to produce the 2006 Bonus Calculation based on Schedule 1, Income Statements. The Plaintiff is entitled to 2 ½ percent of these figures of the pre-tax net profits plus the balance of his remaining salary. Plaintiff may, pending further investigation and discovery, seek to amend the Complaint for punitive damages.

2. The damages fall under actual and compensatory damages.

3. See Complaint and Discovery for the factual basis for each item of damages.

4. Based on the information furnished by the Defendant, this information was calculated.

5. These documents are being gathered and are currently in possession of the Defendant.

-10-

Case No. 06-25162-CA-21

## INTERROGATORY NO. 7

State whether you or any attorney or representative on your behalf has obtained any oral or written statements, reports, memoranda or records from any person which in any way concern the facts of this case or the matters alleged in your pleadings. If your answer is in the affirmative, separately identify:

(a)    the author of each such statement, report, memorandum or recording;

(b)    the person or persons to whom the statement, report, memorandum or recording was issued, distributed, or otherwise provided;

(c)    the present location and custodian of each such statement, report, memorandum or recording; and

(d)    state the date each such statement, report, memorandum or recording was prepared.

## ANSWER

Objection, work-product, attorney-client privilege.

Case No. 06-25162-CA-21

## INTERROGATORY NO. 8

Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

## ANSWER

Yes, attorney-client privilege, work-product, information obtained by counsel.

Case No. 06-25162-CA-21

## INTERROGATORY NO. 9

Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, a summary of the grounds for each opinion, and identify every document upon which each expert witness has, may have or is expected to rely.

## ANSWER

At this time, unknown.

-13-

Case No. 06-25162-CA-21

## INTERROGATORY NO. 10

Please state if you have ever been a party, either Plaintiff or Defendant, in a lawsuit other than the present matter, and, if so, state whether you were Plaintiff or Defendant, the nature of the action, and the date and court in which such suit was filed.

### ANSWER

No, only in a domestic relations matter in which I was a Respondent in the divorce action.

## INTERROGATORY NO. 11

Identify each third person who has contacted you, or any attorney or representative of yours, concerning this action or its subject matter, or who has been contacted by you, or any attorney or representative of yours, concerning this action or its subject matter.

## ANSWER

Objection, work-product, privilege.

Case No. 06-25162-CA-21

## INTERROGATORY NO. 12

(a) State with specificity and particularity each and every fact in support of your contention that "Chernys' termination of employment was without cause and in violation of the Agreement he reached with the Defendants," as alleged in paragraph 56 of the Complaint and, for each such fact, list the name, address, telephone number and job position of each person who you believe has knowledge of these facts and the basis for each person's knowledge; and (b) explain why Plaintiff believes Defendants needed cause to terminate his employment.

### ANSWER

(a) See Complaint, Plaintiff is currently compiling the names and addresses of witnesses and will supply them at a later date.

(b) Plaintiff believes that he was improperly terminated and that there was no cause to terminate him. He is entitled to his bonus for 2006.

-16-

Cas ⌣ ∂. 06-25162-CA-21

(e) <u>INTERROGATORY NO. 13</u>

State the terms of the oral contract you contend you had with Defendants to participate in the profit sharing program for 2004, 2005 and 2006, as alleged in Paragraph 32 of the Complaint. With regard to such oral contract, identify: (a) the person or persons with whom you had such a conversation; (b) the exact terms of the offer made by each Defendant; (c) when the oral contract was entered into; and (d) any witnesses to the statement(s).

<u>ANSWER</u>

(a) In 2004, the Plaintiff has a conversation with James Carr and was advised that he had reached an agreement with Michael Courtney on behalf of the Defendants. (b, c) He was to receive a "soft landing" which would incur that he would continue employment through 12/31/06 and would share in the profit sharing program for 2004, 2005, and 2006. In fact, as agreed to, Plaintiff did receive his "soft landing" funds for 2004 and 2005 and is seeking the arbitrary referral of the Defendant for 2006 payment. (d) The people that were witnesses to the above are James Carr, Hal Eisenacher, and Mike Courtney.

## INTERROGATORY NO. 14

Identify each and every "representation" made by Defendants that you would participate in the profit sharing plan for 2004, 2005 and 2006. Include in your response for each "representation" made (1) the name(s) of the individual(s) who made the "representation"; (2) to whom the "representation" was made; (3) when the "representation" was made; (4) the exact terms of the "representation"; and (5) identify all witnesses to the "representation."

## ANSWER

See answer to number 13, the Defendant's President and agent/consultant Jim Carr made such an agreement for the benefit of the Plaintiff.

Calo. 06-25162-CA-21

## INTERROGATORY NO. 15

For each Request for Admission to which your response is anything other than an unqualified admission, state all facts upon which you base your denial or qualification.

### ANSWER

1. The Plaintiff was not employed by Standard Pacific Corp.

2. Plaintiff was not an employee of the company.

3. Nothing is attached.

4. Plaintiff was not an employee of Standard Pacific Corp.

6. This was to be a part of a long-term employment with the company to satisfy original dollar amount of agreement.

9. Unknown, do not known now did have financials.

Case No. 06-25162-CA-21

Dated this _22_ day of March 2007.

Respectfully submitted,

By: _Gary M. C_____

Gary M. Carman, Esq.
Florida Bar No. 179409
Gary M. Carman, P.A.
1111 Brickell Avenue, Suite 2050
Miami, FL 33131
Telephone: (305) 379-8300
Facsimile: (305) 379-4404

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been furnished via facsimile and U.S. Mail, on this _22_ day of March, 2007, to: Jennifer Schwartz, Esq. and Christine L. Wilson, Esq., Jackson Lewis LLP, One Biscayne Tower, Suite 3500, 2 South Biscayne Boulevard, Miami, FL 33131.

_Gary M. C_____
Gary M. Carman, Esq.

-21-

# EXHIBIT F

**jackson lewis**

Attorneys at Law

Jackson Lewis LLP
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Tel 305 577-7600
Fax 305 373-4466
www.jacksonlewis.com

| ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| LONG ISLAND, NY | PITTSBURGH, PA | |

March 27, 2007

<u>VIA FACSIMILE & U.S. MAIL</u>

Gary Carman, Esq.
GARY CARMAN, P.A.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, FL 33131

Re:   *Leonard Chernys v. Standard Pacific Homes*
      *Case No.:  06-25162-CA-21*

Dear Mr. Carman:

On February 13, 2007, Defendants served Plaintiff with a First Set of Interrogatories and First Request for Production. The discovery responses were due on or before March 20, 2007. To date, Plaintiff has failed to produce any documents responsive to the discovery requests or a privilege log of the documents withheld on the basis of privilege. Moreover, Plaintiff's responses to certain requests for production and interrogatories are insufficient. This letter shall serve as our second good faith attempt to resolve these discovery issues with you without requiring the Court's intervention.

I.   **Plaintiff Has Failed to Sufficiently Respond to Defendants' Request for Production Nos.   1, 3, 5, 12 and 18**

Request No. 1 asks Plaintiff to produce "[a]ny documents which relate or refer to any communication between you and Defendants concerning the subject matter of this action."

Plaintiff's Response to Request No. 1: "We will produce all documents currently in our possession and those we gain in discovery at a later time."

Plaintiff's Response to Request No. 1 is insufficient, as Plaintiff was required to either produce the responsive documents or make them available for inspection and copying prior to March 20, 2007. See Fla. R. Civ. P. 1.350. Plaintiff has had more than 40 days to produce responsive documents. To date, Plaintiff has failed to produce or make available for inspection and copying a single document. Defendants already made one good faith attempt to resolve this issue with Plaintiff in a letter dated March 20, 2007. You have not responded to the

**jackson lewis**
Attorneys at Law

letter. Please produce all responsive documents in Plaintiff's possession by the end of the business day on March 29, 2007.

\*     \*     \*

Request No. 3 asks Plaintiff to produce "[a]ny documents which relate or refer to any agreements between you and the Defendants."

Plaintiff's Response to Request No. 3: "All documents currently in Plaintiff's possession will be produced."

Plaintiff's Response to Request No. 1 is insufficient, as Plaintiff was required to either produce the responsive documents or make them available for inspection and copying prior to March 20, 2007. See Fla. R. Civ. P. 1.350. Plaintiff has had more than 40 days to produce responsive documents. To date, Plaintiff has failed to produce or make available for inspection and copying a single document. Defendants already made one good faith attempt to resolve this issue with Plaintiff in a letter dated March 20, 2007. You have not responded to the letter. Please produce all responsive documents in Plaintiff's possession by the end of the business day on March 29, 2007.

\*     \*     \*

Request No. 5 asks Plaintiff to produce "[a]ny documents which relate or refer to your attempts to obtain employment subsequent to your employment with Defendants, including but not limited to, copies of employment applications, resumes, correspondence, notes, memoranda and other documents to and from potential employers, employment agencies and employment recruiters."

Plaintiff's Response to Request No. 5: "All documents currently in Plaintiff's possession will be produced."

Plaintiff's Response to Request No. 5 is insufficient, as Plaintiff was required to either produce the responsive documents or make them available for inspection and copying prior to March 20, 2007. See Fla. R. Civ. P. 1.350. Plaintiff has had more than 40 days to produce responsive documents. To date, Plaintiff has failed to produce or make available for inspection and copying a single document. Defendants already made one good faith attempt to resolve this issue with Plaintiff in a letter dated March 20, 2007. You have not responded to the letter. Please produce all responsive documents in Plaintiff's possession by the end of the business day on March 29, 2007.

\*     \*     \*

Request No. 12 asks Plaintiff to produce "[a]ny documents supporting your claim that you had a contractual right or agreement to receive a profit sharing distribution for 2006."

**jackson lewis**
Attorneys at Law

Plaintiff's Response to Request No. 12: "Documents will be produced as obtained in discovery."

Plaintiff's Response to Request No. 12 is insufficient. It is unclear from the response whether Plaintiff is in possession, custody and/or control of responsive documents. Plaintiff was required to either produce the responsive documents in his possession, custody and/or control, or make them available for inspection and copying, prior to March 20, 2007. See Fla. R. Civ. P. 1.350. Plaintiff has had more than 40 days to produce responsive documents. To date, Plaintiff has failed to produce or make available for inspection and copying a single document. Defendants already made one good faith attempt to resolve this issue with Plaintiff in a letter dated March 20, 2007. You have not responded to the letter. Please produce all responsive documents in Plaintiff's possession by the end of the business day on March 29, 2007.

*     *     *

Request No. 18 asks Plaintiff to produce "[a]ny documents that you identified, reviewed or relied upon in responding to or formulating your responses to Defendants' First Set of Interrogatories."

Plaintiff's Response to Request No. 18: "Documents not privileged nor attorney-client will be produced."

Plaintiff's Response to Request No. 18 is insufficient, as Plaintiff was required to produce a privilege log identifying the documents withheld from disclosure on the basis of privilege prior to March 20, 2007. See Fla. R. Civ. P. 1.280. Defendants submit that Plaintiff waived these objections by failing to timely produce a privilege log. Moreover, Plaintiff was required to produce all non-privileged responsive documents or make them available for inspection and copying prior to March 20, 2007. See Fla. R. Civ. P. 1.350. Plaintiff has had more than 40 days to produce responsive documents. To date, Plaintiff has failed to produce or make available for inspection and copying a single document. Defendants already made one good faith attempt to resolve this issue with Plaintiff in a letter dated March 20, 2007. You have not responded to the letter. Please produce all responsive documents in Plaintiff's possession and a privilege log of the documents withheld from production by the end of the business day on March 29, 2007.

*     *     *

II.   **Plaintiff Has Failed to Sufficiently Respond to Defendant's Interrogatories Nos. 2, 5, 6, 7, 8, 11, 12 and 13**

Interrogatory No. 2 asks Plaintiff to "[p]lease identify each employer for whom you have worked since the cessation of your employment with Standard Pacific by completing the below chart:

**jackson lewis**

Attorneys at Law

| Name/Address of Employer | Dates of Employment | Job Titles(s) | Rate(s) of Pay | Name of Immed. Superv. | Reason for leaving" |
|---|---|---|---|---|---|
| | | | | | |

**Plaintiff's Answer to Interrogatory No. 2:** "HAA Preferred Partners Supervised and expedited build out space. Fee received: $5,000.00. Oct.-Feb. 2006-2007. N/A. 0. N/A. Job finished."

**Plaintiff's Response to Interrogatory No. 2 is insufficient** because Plaintiff failed to provide the address or any other information for this employer, as specified in the definitions section in the First Set of Interrogatories. The definitions section specifically states when the term "identify" "is used in reference to an individual, the term shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description. . . . when used in reference to a firm, partnership, corporation, proprietorship, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff. Plaintiff has failed to provide an address, telephone number, and the name and address of each person within the company likely to have knowledge of the relationship" between HAA Preferred Partners and Plaintiff. Please revise accordingly.

*　　　*　　　*

**Interrogatory No. 5** asks Plaintiff "[w]ith regard to your claim in Paragraph 33 of the Complaint that 'in 2006 the Plaintiff and Defendants had certain contractual decisions in which it was agreed that the Plaintiff would waive his right to the profit sharing plan for continued long term employment with the company,' please identify all facts supporting this contention including, but not limited to, (a) the person or persons who made the 'contractual decisions' on behalf of each Defendant; (b) the exact terms of all offers made by each Defendant and whether you accepted such offers; and (c) any witnesses to such "contractual decisions,' conversations or negotiations.

**Plaintiff's Answer to Interrogatory No. 5:** "(a) Discussions took place between the Plaintiff and Diana Ibarria about his willingness to continue to work for the company for the next four or five years in lieu of receiving the agreed 'soft landing' arrangement that he had with the company. (b) However, no waiver of the monies due Plaintiff under the soft landing was abandoned or waived, only the time period in which and how they would be paid. (c) Witnesses to these conversations are unknown at this time."

**Plaintiff's Answer to Interrogatory No. 5 is non-responsive.** Section (a) asks Plaintiff to specifically identify the person or persons who made the contractual decisions on behalf of each Defendant. Plaintiff did not provide this information in his answer. Section (b) asks Plaintiff to specifically state the exact terms of all offers made by each Defendant and whether he accepted such offers. Plaintiff did not identify any offers made to him by either Defendant, nor did he state the exact terms of any such offers or whether he accepted them.



Finally, Plaintiff failed to specify what he means by the term "soft landing." Please revise accordingly.

*     *     *

**Interrogatory No. 6** asks Plaintiff to "[p]lease state each item of damage that you claim. Include in your answer: (1) the count to which the item of damages relates; (2) the category into which each item of damages falls (i.e., actual damages, compensatory damages, punitive damages) and any other relevant categories; (3) the factual basis for each item of damages; (4) an explanation of how you computed each item of damages, including any mathematical formula used; and (5) identify any documents in support of your damage claims."

**Plaintiff's Answer to Interrogatory No. 6:** "1. We are at this time unable to calculate our damages, as the Defendant has failed to produce the 2006 Bonus Calculation based on Schedule 1, Income Statements. The Plaintiff is entitled to 2 1/2 percent of these figures of the pre-tax net profits plus the balance of his remaining salary. Plaintiff may, pending further investigation and discovery, seek to amend the Complaint for punitive damages. 2. The damages fall under actual and compensatory damages. 3. See Complaint and Discovery for the factual basis for each item of damages. 4. Based on the information furnished by the Defendant, this information was calculated. 5. These documents are being gathered and are currently in possession of the Defendant."

**Plaintiff's Answer to Interrogatory No. 6 is non-responsive.** As to (1) and (2) of the interrogatory, Plaintiff failed to specify the count to which each item of damages relates. Plaintiff has filed a five-count Complaint. Plaintiff should have some idea of what damages he is seeking in each count. As to (3) of the interrogatory, Plaintiff failed to provide any factual basis for each item of damages. Referring Defendants to the Complaint is insufficient, as those allegations were not made under oath. Moreover, such a response requires Defendants to guess which allegations Plaintiff relies upon for his damages. Additionally, referring Defendants to "discovery" is unduly vague and ambiguous. Plaintiff is required to state the factual bases for his damages claims in response to Interrogatory No. 6. As to (4) of the interrogatory, Plaintiff states that the information was calculated, but fails to provide an explanation of how he computed each item of damages, including any mathematical formula used. Plaintiff is required to provide this information for both his actual and compensatory damages claims. Finally, as to (5) Plaintiff must identify any documents that he believes exists to support his damages claims, regardless of whether he is in possession of such documents. Please revise accordingly.

*     *     *

**Interrogatory No. 7** asks Plaintiff to "[s]tate whether you or any attorney or representative on your behalf has obtained any oral or written statements, reports, memoranda or records from any person which in any way concern the facts of this case or the matters alleged in your pleadings. If your answer is in the affirmative, separately identify:

> (a)    the author of each such statement, report, memorandum or recording;

**jackson | lewis**
| Attorneys at Law

  (b) the person or persons to whom the statement, report, memorandum or recording was issued, distributed, or otherwise provided;

  (c) the present location and custodian of each such statement, report, memorandum or recording; and

  (d) state the date each such statement, report, memorandum or recording was prepared."

  **Plaintiff's Answer to Interrogatory No. 7:** "Objection, work-product, attorney-client privilege."

  **Plaintiff's Objections to Interrogatory No. 7** are insufficient and without legal merit. First, Defendant submits Plaintiff waived his objections by failing to timely respond to the interrogatories. Second, the <u>identity</u> of persons is not privileged. If Plaintiff has knowledge of this information, then it is not privileged. If Plaintiff has knowledge of this information because he learned it from you, his attorney, then the privilege has been destroyed. Even if this information is exclusively within your knowledge as Plaintiff's counsel, at a minimum, the persons must be identified so they can be deposed. Finally, the objections fail to include any factual basis to support the objections. The instructions section of Defendants' First Set of Interrogatories require that the following information be provided if Plaintiff refuses to answer an interrogatory on the basis of privilege: (1) the nature of the privilege claimed (including work product); (2)  if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked; (3) the date of the document or oral communication; (4) if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee; and if not apparent, the relationship between the author and addressee; (5)     if    an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and (6) the general subject matter of the document or oral communication. The blanket objections asserted in response to Interrogatory No. 7 provide Defendants with no information to assist them in ascertaining whether the responsive information is, in fact, privileged. Please revise accordingly.

*  *  *

  **Interrogatory No. 8** asks Plaintiff "[have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement."

  **Plaintiff's Answer to Interrogatory No. 8:** "Yes, attorney-client privilege, work-product, information obtained by counsel."

# jackson lewis
Attorneys at Law

Plaintiff's Objections to Interrogatory No. 8 are insufficient and without legal merit. First, Defendant submits Plaintiff waived his objections by failing to timely respond to the interrogatories. Second, the <u>identity</u> of persons is not privileged. If Plaintiff has knowledge of this information, then it is not privileged. If Plaintiff has knowledge of this information because he learned it from you, his attorney, then the privilege has been destroyed. Even if this information is exclusively within your knowledge as Plaintiff's counsel, at a minimum, the persons must be identified so they can be deposed. Finally, the objections fail to include any factual basis to support the objections. As stated above, if Plaintiff is refusing to answer an interrogatory based on privilege or work-product, he must state: (1)the nature of the privilege claimed (including work product); (2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked; (3) the date of the document or oral communication; (4) if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee; and if not apparent, the relationship between the author and addressee; (5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and (6) the general subject matter of the document or oral communication. The blanket objections asserted in response to Interrogatory No. 8 provide Defendants with no information to assist them in ascertaining whether the responsive information is, in fact, privileged. Please revise accordingly.

\*     \*     \*

Interrogatory No. 11 asks Plaintiff to "[i]dentify each third person who has contacted you, or any attorney or representative of yours, concerning this action or its subject matter, or who has been contacted by you, or any attorney or representative of yours, concerning this action or its subject matter."

Plaintiff's Answer to Interrogatory No. 11: "Objection, work-product, privilege."

Plaintiff's Objections to Interrogatory No. 11 are insufficient and without legal merit. First, Defendant submits Plaintiff waived his objections by failing to timely respond to the interrogatories. Second, the <u>identity</u> of persons is not privileged. At a minimum, the persons must be identified so they can be deposed. Finally, the objections fail to include any factual basis to support the objections. As stated above, if Plaintiff is refusing to answer an interrogatory based on privilege or work-product, he must state: (1) the nature of the privilege claimed (including work product); (2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked; (3) the date of the document or oral communication; (4) if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee; and if not apparent, the relationship between the author and addressee; (5)

**jackson lewis**
Attorneys at Law

if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and (6) the general subject matter of the document or oral communication. The blanket objections asserted in response to Interrogatory No. 11 provide Defendants with no information to assist them in ascertaining whether the responsive information is, in fact, privileged. Please revise accordingly.

*     *     *

**Interrogatory No. 12** asks Plaintiff to "(a) State with specificity and particularity each and every fact in support of your contention that 'Chernys' termination of employment was without cause and in violation of the Agreement he reached with the Defendants,' as alleged in paragraph 56 of the Complaint and, for each such fact, list the name, address, telephone number and job position of each person who you believe has knowledge of these facts and the basis for each person's knowledge; and (b) explain why Plaintiff believes Defendants needed cause to terminate his employment."

**Plaintiff's Answer to Interrogatory No. 12**: (a) See Complaint, Plaintiff is currently compiling the names and addresses of witnesses and will supply them at a later date. (b) Plaintiff believes that he was improperly terminated and that there was no cause to terminate him. He is entitled to his bonus for 2006."

**Plaintiff's Answer to Interrogatory No. 12 is non-responsive.** Again, Plaintiff's referral to the Complaint is insufficient, as those allegations were not made under oath. Moreover, if Plaintiff currently is aware of any names and addresses of any witnesses he believes can support paragraph 56 of the Complaint, he should produce this information now and not "at a later date." Plaintiff has had more than 40 days to compile and produce this information. Finally, Plaintiff's statements that he simply believes "there was no cause to terminate him" and that "he is entitled to his bonus for 2006" are non-responsive. The interrogatory asks Plaintiff to **explain why Plaintiff believes Defendants needed cause** to terminate his employment. Plaintiff does not answer this question in his response to Interrogatory No. 12. Please revise accordingly.

*     *     *

**Interrogatory No. 13** asks Plaintiff to "[s]tate the terms of the oral contract you contend you had with Defendants to participate in the profit sharing program for 2004, 2005 and 2006, as alleged in Paragraph 32 of the Complaint. With regard to such oral contract, identify: (a) the person or persons with whom you had such a conversation; (b) the exact terms of the offer made by each Defendant; (c) when the oral contract was entered into; and (d) any witnesses to the statement(s)."

**Plaintiff's Answer to Interrogatory No. 13**: "(a) In 2004, the Plaintiff has (sic) a conversation with James Carr and was advised that he had reached an agreement with Michael Courtney (sic) on behalf of the Defendants. (b,c) He was to receive a 'soft landing' which would incur (sic) that he would continue employment through 12/31/06 and would share in the profit

# jackson lewis

Attorneys at Law

sharing program for 2004, 2005 and 2006.  In fact, as agreed to, Plaintiff did receive his 'soft landing' funds for 2004 and 2005 and is seeking the arbitrary referral of the Defendant for 2006 payment.  (d) The people that were witnesses to the above are James Carr, Hal Eisenacher, and Mike Courtney (sic)."

**Plaintiff's Answer to Interrogatory No. 13 is non-responsive.**  Plaintiff is asked to state the terms of the alleged oral contract referenced in Paragraph 32 of the Complaint.  Plaintiff's answer to Interrogatory No. 13 fails to state the terms to this alleged contract.  Further, Plaintiff's answer to part (b) of the interrogatory fails to state the terms of the alleged offer and further fails to specify what is meant by the term "soft landing."  Please revise accordingly.

*     *     *

Please produce the above documents, privilege log and amended interrogatory answers (in verified form) by the end of the business day on March 29, 2007.  If we do not hear from you prior to that date, we will have no alternative but to file a motion to compel.  We hope that will not be necessary.

Very truly yours,

JACKSON LEWIS LLP

Jennifer A. Schwartz, Esq.

JAS/bt

cc:  Christine L. Wilson, Esq.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.: 06-25162-CA-21

LEONARD CHERNYS                          )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )
                                          )
STANDARD PACIFIC OF SOUTH                 )
FLORIDA, G.P. INC., and STANDARD          )
PACIFIC CORP.                             )
                                          )
            Defendants.                   )

_____

## NOTICE OF HEARING
(Specially Set 15 minutes)

**TO:**  Gary Carman, Esq.
         Gary M. Carman, P.A.
         Mellon Financial Center
         1111 Brickell Avenue, Suite 2050
         Miami, FL 33131

         PLEASE TAKE NOTICE that the above-captioned cause will be called up for hearing

on: **Defendant's Motion To Compel Discovery from Plaintiff**

|                |                                      |
|----------------|--------------------------------------|
| **BEFORE:**    | Honorable Mary R. Barzee             |
| **AT:**        | Dade County Courthouse               |
|                | 73 West Flagler Street,              |
|                | Miami, Florida 33128                 |
| **DATE:**      | Monday, July 2, 2007                 |
| **TIME:**      | 8:45 a.m.                            |

or as soon thereafter as it may be heard.

In accordance with the Americans With Disability Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator/Ellis D. Pettigrew, no later than 7 days prior to the proceeding at (305) 375-2006 (voice) or (305) 375-2007 (TDD).

CASE NO.: 06-25162-CA-21

> Movant's counsel certifies that a bona fide effort to agree on or to narrow the issues raised by the noticed motion has been made with opposing counsel.

Dated this _____ day of April 2007.

Respectfully submitted,

By: _____

Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile:  (305) 373-4466

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via U.S. Mail to **Gary M. Carman, Esq.**, 1111 Brickell Avenue, Suite 2050, Miami, Florida 33131 this _____ day of April 2007.

_____
Jennifer A. Schwartz, Esq.

- 2 -

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.: 06-25162-CA-21

LEONARD CHERNYS                    )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )
                                   )
STANDARD PACIFIC OF SOUTH          )
FLORIDA, G.P. INC., and STANDARD   )
PACIFIC CORP.                      )
                                   )
        Defendants.                )
                                   )

## DEFENDANTS' MOTION FOR SPECIAL SET HEARING ON DEFENDANTS' MOTION TO COMPEL DISCOVERY

Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P., INC. and STANDARD PACIFIC CORP., by and through their undersigned counsel, hereby move this Honorable Court for the entry of an Order setting a special set hearing on Defendants' Motion to Compel Discovery From Plaintiff.  In support hereof, Defendants state as follows:

1.      On February 13, 2007, Defendants served their First Request for Production and First Set of Interrogatories ("Discovery Requests") upon the Plaintiff.

2.      Plaintiff's responses to the Discovery Requests were due on or before March 20, 2007, pursuant to Fla. R. Civ. P. 1.340 and 1.350.

3.      Plaintiff failed to respond to a number of the Discovery Requests and asserted objections that have no merit.

CASE NO.: 06-25162-CA-21

4.      After several unsuccessful attempts to resolve the issues raised by Plaintiff's insufficient responses with Plaintiff's counsel, Defendants had no alternative but to file a Motion to Compel Discovery from Plaintiff.

4.      On or about April 3, 2007, Defendants filed their Motion to Compel.

5.      In the course of scheduling a special set hearing on the Motion, counsel for Defendants was informed that the next date the Court has available for a ten (10) minute hearing is July 27, 2007, four weeks prior to Calendar Call.[1]

6.      Initially, Defendants were offered the date of May 7, 2007 for the special set hearing.  However, Plaintiff's counsel states he is unavailable on that date.

7.      Defendants need the outstanding discovery to prepare for Plaintiff's deposition and trial.  Accordingly, Defendants request a ten (10) minute special set hearing on a date earlier than July 27, 2007 or, in the alternative, that the trial date be extended.

**WHEREFORE**, Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P., INC. and STANDARD PACIFIC CORP., respectfully request this Honorable Court to enter an Order granting this Motion, scheduling a ten (10) minute special set hearing prior to July 2007 or, in the alternative, extending the trial date, in addition to such other and further relief this Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[1] Pursuant to the Court's February 22, 2007 Order, this case is set for trial on the two-week trial period commencing September 10, 2007, and Calendar Call is set for August 30, 2007.

2

CASE NO.:  06-25162-CA-21

Dated this 10 day of April 2007.

> Respectfully submitted,
> JACKSON LEWIS LLP
> One Biscayne Tower, Suite 3500
> 2 South Biscayne Boulevard
> Miami, Florida 33131
> Telephone:  (305) 577-7600
> Facsimile:    (305) 373-4466
>
> By: _____
>
> Christine L. Wilson, Esq.
> Florida Bar No. 143588
> E-mail: *wilsonc@jacksonlewis.com*
> Jennifer A. Schwartz, Esq.
> E-mail: *schwartj@jacksonlewis.com*
> Florida Bar No. 502431
> ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via U.S. Mail to **Gary M. Carman, Esq.**, 1111 Brickell Avenue, Suite 2050, Miami, Florida 33131 this 10 day of April 2007.

_____
Jennifer A. Schwartz, Esq.

7-16

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:  06-25162-CA-21

LEONARD CHERNYS )
)
Plaintiff, )
)
vs. )
)
STANDARD PACIFIC OF SOUTH )
FLORIDA, G.P. INC., and STANDARD )
PACIFIC CORP. )
)
Defendants. )
)

**NOTICE OF HEARING**
(Motion Calendar)

**TO:**   Gary Carman, Esq.
Gary M. Carman, P.A.
Mellon Financial Center
1111 Brickell Avenue, Suite 2050
Miami, FL 33131

PLEASE TAKE NOTICE that the above-captioned cause will be called up for hearing

on: **Defendant's Motion For Special Set Hearing on Defendants' Motion To Compel Discovery**

|  |  |
|---|---|
| **BEFORE:** | Honorable Mary R. Barzee |
| **AT:** | Dade County Courthouse |
| | 73 West Flagler Street, |
| | Miami, Florida 33128 |
| **DATE:** | Tuesday, April 24, 2007 |
| **TIME:** | 8:30 a.m. |

or as soon thereafter as it may be heard.

In accordance with the Americans With Disability Act of 1990, persons needing a special
accommodation to participate in this proceeding should contact the Court ADA Coordinator/Ellis
D. Pettigrew, no later than 7 days prior to the proceeding at (305) 375-2006 (voice) or (305) 375-
2007 (TDD).

CASE NO.: 06-25162-CA-21

> Movant's counsel certifies that a bona fide effort to agree on or to narrow the issues raised by the noticed motion has been made with opposing counsel.

Dated this 10 day of April 2007.

Respectfully submitted,

By: _____

Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartzj@jacksonlewis.com*
Florida Bar No. 502431
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile:   (305) 373-4466

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via U.S. Mail to **Gary M. Carman, Esq.**, 1111 Brickell Avenue, Suite 2050, Miami, Florida 33131 this _10_ day of April 2007.

_____
Jennifer A. Schwartz, Esq.

- 2 -

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 06-25162-CA-21

LEONARD CHERNYS                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )
                                   )
STANDARD PACIFIC OF SOUTH          )
FLORIDA, G.P. INC., and STANDARD   )
PACIFIC CORP.,                     )
                                   )
          Defendants.              )
                                   )

## NOTICE OF UNAVAILABILITY

PLEASE TAKE NOTICE that Jennifer A. Schwartz, Esq., counsel for Defendants, will be unavailable from July 9, 2007 through July 20, 2007 as she will be out of the country on vacation, and requests the Court and parties not to schedule hearings, trials, depositions and/or file any pleadings that require a response or reply during this time period.

        Dated: April _23_, 2007
               Miami, Florida

                        Respectfully submitted,

                        By: _____
                            Jennifer A. Schwartz, Esq.
                            Schwartzj@jacksonlewis.com
                            JACKSON LEWIS LLP
                            One Biscayne Tower, Suite 3500
                            2 South Biscayne Boulevard
                            Miami, Florida 33131
                            Telephone: (305) 577-7600
                            Facsimile: (305) 373-4466
                            ATTORNEYS FOR DEFENDANTS

CASE NO.: 06-25162-CA-21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been provided via facsimile and U.S. mail to Gary M. Carman, Esq., GARY CARMAN, P.A., counsel for Plaintiff, Mellon Financial Center, Suite 2050, 1111 Brickell Avenue, Miami, Florida 33131 the ___23___ day of April 2007.

Jennifer A. Schwartz, Esq.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.: 06-25162-CA-21

LEONARD CHERNYS    )
          )
   Plaintiff,    )
          )
vs.           )
          )
STANDARD PACIFIC OF SOUTH )
FLORIDA, G.P. INC., and STANDARD )
PACIFIC CORP.     )
          )
   Defendants.   )
          )
_____

## NOTICE OF HEARING
(Motion Calendar)

**TO:** Gary Carman, Esq.
   Gary M. Carman, P.A.
   Mellon Financial Center
   1111 Brickell Avenue, Suite 2050
   Miami, FL 33131

    PLEASE TAKE NOTICE that the above-captioned cause will be called up for hearing

on: **Defendant's Motion To Compel Discovery**

      **BEFORE:** Honorable Mary R. Barzee
      **AT:**   Dade County Courthouse
          73 West Flagler Street,
          Miami, Florida 33128
      **DATE:** Tuesday, May 15, 2007
      **TIME:**  8:30 a.m.

or as soon thereafter as it may be heard.

> In accordance with the Americans With Disability Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator/Ellis D. Pettigrew, no later than 7 days prior to the proceeding at (305) 375-2006 (voice) or (305) 375-2007 (TDD).

CASE NO.: 06-25162-CA-21

> Movant's counsel certifies that a bona fide effort to agree on or to narrow the issues raised by the noticed motion has been made with opposing counsel.

Dated this 24 day of April 2007.

Respectfully submitted,

By: _____

Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 577-7600
Facsimile:   (305) 373-4466

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via U.S. Mail to **Gary M. Carman, Esq.**, 1111 Brickell Avenue, Suite 2050, Miami, Florida 33131 this 24 day of April 2007.

_____
Jennifer A. Schwartz, Esq.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 06-25162-CA-21

LEONARD CHERNYS                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )
                                   )
STANDARD PACIFIC OF SOUTH          )
FLORIDA, G.P. INC., and STANDARD   )
PACIFIC CORP.,                     )
                                   )
          Defendants.              )
                                   )



## NOTICE OF UNAVAILABILITY

PLEASE TAKE NOTICE that Christine L. Wilson, Esq., counsel for Defendant, will be unavailable from October 3, 2007 through October 4, 2007 as she will be hosting a conference, and requests the Court and parties not to schedule hearings, trials, depositions and/or any pleadings that require a response or reply during this time period.

Dated: April 25, 2007
Miami, Florida

Respectfully submitted,

By: _____
Christine L. Wilson, Esq.
Florida Bar No. 143588
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Attorneys for Defendants

CASE NO.: 06-25162-CA-21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been

provided via facsimile and U.S. mail to Gary M. Carman, Esq., GARY CARMAN, P.A., counsel

for Plaintiff, Mellon Financial Center, Suite 2050, 1111 Brickell Avenue, Miami, Florida 33131

the _25th_ day of April 2007.


_____

Christine L. Wilson, Esq.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:  06-25162-CA-21

LEONARD CHERNYS                         )
                                        )
              Plaintiff,                )
                                        )
vs.                                     )
                                        )
STANDARD PACIFIC OF SOUTH               )
FLORIDA, G.P. INC., and STANDARD        )
PACIFIC CORP.                           )
                                        )
              Defendants.               )
                                        )

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, STANDARD PACIFIC OF FLORIDA, G.P., INC. and STANDARD

PACIFIC CORP. ("Defendants"), by and through their undersigned counsel, and pursuant to Fla.

R. Civ. P. 1.510, move this Court for entry of final Summary Judgment in their favor against

Plaintiff dismissing his four-count complaint alleging: Declaratory Relief (Count I), Fraudulent

Misrepresentation (Count II), Breach of Contract (oral) (Count III), and Wrongful Termination

(Count IV).  In support hereof, Defendants state as follows:

### 1.    Plaintiff's Claim for Declaratory Relief Fails as a Matter of Law

In Count I of the Complaint, Plaintiff seeks a declaratory judgment under Fla.

Stat. § 86.011, 061.  Plaintiff's claim for declaratory relief fails because the relief sought is not

cognizable under Florida's declaratory judgment statute.  Specifically, the purpose of Plaintiff's

declaratory judgment claim is to obtain a money judgment under an alleged oral contract.

Plaintiff does not seek declaratory judgment because of uncertainty with respect to the rights,

status or other equitable or legal relations. As such, Plaintiff's claim for declaratory judgment is improper, and Count I of Plaintiff's Complaint fails as a matter of law. <u>Coral Gates Properties, Inc. v. Hodes</u>, 59 So. 2d 630, 631-33 (Fla. 1952).

### 2. Plaintiff's Claim for Fraudulent Misrepresentation Fails as a Matter of Law

In Count II of his Complaint, Plaintiff asserts a claim for Fraudulent Misrepresentation. Plaintiff's allegations of fraud are directly related to his breach of contract claim. Plaintiff claims that "the Plaintiff and Defendants had certain contractual decisions in which it was agreed that the Plaintiff would waive his right to the profit sharing plan for continued long term employment with the company," and "despite these representations, the Defendants breached the Agreement with Chernys and terminated him." (<u>See</u> Complaint ¶¶ 33-4). In Paragraph 50 of the Complaint, Plaintiff alleges Defendants breached their agreement with Plaintiff by terminating his employment and not paying him a profit sharing distribution in 2006. (<u>Id</u>. at ¶ 50).

The law is clear that misrepresentations related to the breach of a contract do not give rise to an independent cause of action in tort where the alleged misrepresentations arise from the contractual agreement. <u>See</u> <u>Motorcity of Jacksonville, Ltd. v. Southeast Bank., N.A.</u>, 83 F.3d 1317, 1343 (11th Cir. 1996) (en banc), <u>vacated on other grounds by</u> <u>Hess v. FDIC</u>, 519 U.S. 1087 (1997), <u>reinstated by</u> <u>Motorcity, Ltd. by & Through Motorcity, Inc. v. Southeast Bank, N.A.</u>; <u>Strub Capital Corp. v. Frank Chopin, P.A.</u>, 724 So. 2d 577, 579 (Fla. 4th DCA 1998) (citing <u>Hotels of Key Largo, Inc. v. RHI Hotels, Inc.</u>, 694 So. 2d 74, 78 (Fla. 3d DCA 1997)). Accordingly, Count II of Plaintiff's Complaint fails as a matter of law.

2

Case No.: 06-25162-CA-21

### 3.    Plaintiff's Breach of Oral Contract Claim Fails as a Matter of Law

Plaintiff alleges that based on an oral contract, he was entitled to receive profit sharing over a three-year period, 2004, 2005, and 2006.  (Complaint ¶ 47).  He claims Defendants breached the agreement by terminating him "and his interest in the 2006 profit sharing program." Id. ¶ 50.  Plaintiff's breach of contract claim is barred by the statute of frauds. The statute of frauds requires that an agreement "that is not to be performed within the space of one year" from its making must be in writing. Fla. Stat. §725.01.  Because Plaintiff claims that he had an oral agreement with Defendants that he would receive a profit sharing distribution over a three-year period (2004, 2005 and 2006), it is barred by the statute of frauds because: (1) it is clear the alleged agreement could not be performed within one year; and (2)   the alleged agreement never was reduced to writing.

### 4.    Plaintiff's Wrongful Termination Claim Fails as a Matter of Law

In Count IV of the Complaint, Plaintiff alleges Defendants terminated him without cause and in violation of the oral Agreement he claims he entered into with Defendants. (Complaint ¶ 56).  First, Plaintiff was employed at-will. (Carr Dep. at 44:15-25; Eisenacher Dep. 40:6-10; 42:12-14)   Florida law is clear that unless an employment agreement specifically provides for a definite term of employment, or the term is established by custom, the employment is considered to be indefinite and terminable at the will of either party, with or without cause.  Here, Plaintiff alleges Defendants breached an oral agreement with Plaintiff for continued indefinite employment.  (Complaint, ¶33).

In addition to the above, Plaintiff's position was eliminated in the South Florida Division's 2006 reduction in force.  (Ibarria Dep. at 88:12-22).  Florida courts have held that an employer's decision to downsize and terminate an employee as part of a reduction in force

constitutes "abundant cause" for the employee's discharge. Accordingly, even if the Court found Plaintiff was not an at-will employee, his employment was terminated "for cause" and his wrongful termination claim fails as a matter of law.

For all these reasons, summary judgment is appropriate as to Plaintiff's Complaint in its entirety.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants STANDARD PACIFIC OF SOUTH FLORIDA, G.P., INC. and STANDARD PACIFIC CORP. respectfully request this Court enter final Summary Judgment in their favor, in addition to such other and further relief as this Court deems just and proper.[1]

Dated this 3 day of May 2007.

Respectfully submitted,
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 577-7600
Facsimile:   (305) 373-4466

By: _____
Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
ATTORNEYS FOR DEFENDANTS

---

[1]     Defendants refer the Court to the deposition transcripts of Diana Ibarria ("Ibarria Dep."), Jim Carr ("Carr Dep."), Hal Eisenacher ("Eisenacher Dep.) and other corresponding documents filed concurrently herewith.  Defendants intend to amend this Motion to include Plaintiff's deposition testimony and a memorandum of law following Plaintiff's deposition, which currently is set for May 15, 2007.

4

Case No.: 06-25162-CA-21

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was

provided via U.S. Mail to **Gary M. Carman, Esq.**, 1111 Brickell Avenue, Suite 2050, Miami,

Florida 33131 this _3_ day of May 2007.

Jennifer A. Schwartz, Esq.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.: 06-25162-CA-21

LEONARD CHERNYS                                 )
                                                )
                 Plaintiff,                     )
                                                )
vs.                                             )
                                                )
STANDARD PACIFIC OF SOUTH                       )
FLORIDA, G.P. INC., and STANDARD                )
PACIFIC CORP.                                   )
                                                )
                 Defendants.                    )
                                                )

## DEFENDANTS' NOTICE OF FILING DEPOSITION TRANSCRIPTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P., INC. and

STANDARD PACIFIC CORP., by and through their undersigned counsel, hereby submit their

Notice of Filing the following deposition transcripts in Support of their Motion for Summary

Judgment:

1.    Deposition transcript of Diana Ibarria, with exhibits;

2.    Deposition transcript of James Carr, with exhibits; and

3.    Deposition transcript of Hal Eisenacher, with exhibits.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

CASE No.  06-25162-CA-21

Dated this ⅔ day of May, 2007.

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 577-7600
Facsimile:  (305) 373-4466

By: _____

Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via U.S. Mail to **Gary M. Carman, Esq.,** 1111 Brickell Avenue, Suite 2050, Miami, Florida 33131 this ⅔ day of May 2007.

Jennifer A. Schwartz, Esq.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:  06-25162-CA-21

LEONARD CHERNYS                                   )
                                                 )
            Plaintiff,                           )
                                                 )
vs.                                              )
                                                 )
STANDARD PACIFIC OF SOUTH                        )
FLORIDA, G.P. INC., and STANDARD                 )
PACIFIC CORP.                                    )
                                                 )
            Defendants.                          )
_____         )

**NOTICE OF HEARING**
(Specially Set 45 minutes)

**TO:**   Gary Carman, Esq.
          Gary M. Carman, P.A.
          Mellon Financial Center
          1111 Brickell Avenue, Suite 2050
          Miami, FL 33131


          PLEASE TAKE NOTICE that the above-captioned cause will be called up for hearing

on: **Defendant's Motion For Summary Judgment**

|  |  |
|---|---|
| **BEFORE:** | Honorable Mary R. Barzee |
| **AT:** | Dade County Courthouse |
| | 73 West Flagler Street, |
| | Miami, Florida 33128 |
| **DATE:** | Thursday, August 30, 2007 |
| **TIME:** | 2:30 p.m. |

or as soon thereafter as it may be heard.

> In accordance with the Americans With Disability Act of 1990, persons needing a special
> accommodation to participate in this proceeding should contact the Court ADA Coordinator/Ellis
> D. Pettigrew, no later than 7 days prior to the proceeding at (305) 375-2006 (voice) or (305) 375-
> 2007 (TDD).

CASE NO.:  06-25162-CA-21

Dated this ⸍3 day of May 2007.

Respectfully submitted,

By: _____
Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 577-7600
Facsimile:   (305) 373-4466

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was

provided via U.S. Mail to **Gary M. Carman, Esq.**, 1111 Brickell Avenue, Suite 2050, Miami,

Florida 33131 this ⸍3 day of May 2007.

_____
Jennifer A. Schwartz, Esq.

IN THE CIRCUIT COURT
IN AND FOR THE ELEVENTH
JUDICIAL CIRCUIT OF
MIAMI-DADE COUNTY,
FLORIDA

LEONARD CHERNYS                        )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )          CIVIL DIVISION
                                       )
STANDARD PACIFIC OF SOUTH              )          CASE NO.: 06-25162-CA-21
FLORIDA, G.P. INC., and                )
STANDARD PACIFIC CORP.                 )
                                       )
        Defendants.                    )
_____)

## NOTICE OF UNAVAILABILITY

**PLEASE TAKE NOTICE** that the undersigned attorney will be unavailable

during the period from July 2nd to July 8th, 2007 and August 15th through

September 3rd, 2007 for vacation. We request that no hearings, trials or

depositions be scheduled during that time period.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was
faxed to **Jennifer Schwartz, Esq. at 305-373-4466 and mailed to Jackson
Lewis LLP., One Biscayne Tower, Suite 3500, Two South Biscayne
Boulevard, Miami, FL 33131 on this ___ day of May, 2007.**

Respectfully submitted,

GARY M. CARMAN, P.A.
1111 Brickell Avenue
Suite 2050
Miami, Florida 33131
Telephone: 305-379-8300

Facsimile: 305-379-4404

By: _____
　　　　　Gary M. Carman, Esq.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:  06-25162-CA-21

LEONARD CHERNYS                    )
                                   )
          Plaintiff,               )
                                   )
vs.                                )
                                   )
STANDARD PACIFIC OF SOUTH          )
FLORIDA, G.P. INC., and STANDARD   )
PACIFIC CORP.                      )
                                   )
          Defendants.              )
                                   )

## NOTICE OF HEARING
(Specially Set 45 minutes)

**TO:**  Gary Carman, Esq.
Gary M. Carman, P.A.
Mellon Financial Center
1111 Brickell Avenue, Suite 2050
Miami, FL 33131

PLEASE TAKE NOTICE that the above-captioned cause will be called up for hearing

on: **Defendant's Motion For Summary Judgment**

**BEFORE:**  Honorable Mary R. Barzee
**AT:**  Dade County Courthouse
73 West Flagler Street,
Miami, Florida 33128
**DATE:**  Friday, September 7, 2007
**TIME:**  10:00 a.m.

or as soon thereafter as it may be heard.

In accordance with the Americans With Disability Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator/Ellis D. Pettigrew, no later than 7 days prior to the proceeding at (305) 375-2006 (voice) or (305) 375-2007 (TDD).

CASE NO.: 06-25162-CA-21

Dated this _16_ day of May 2007.

Respectfully submitted,

By: _____

Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was

provided via U.S. Mail to **Gary M. Carman, Esq.**, 1111 Brickell Avenue, Suite 2050, Miami,

Florida 33131 this _16_ day of May 2007.

_____

Jennifer A. Schwartz, Esq.

IN THE CIRCUIT COURT IN AND FOR
THE ELEVENTH JUDICIAL CIRCUIT,
OF MIAMI-DADE COUNTY, FLORIDA

LEONARD CHERNYS

      Plaintiff,

v.

STANDARD PACIFIC OF SOUTH
FLORIDA, G.P. INC, and STANDARD
PACIFIC CORP.

      Defendants.

_____/

GENERAL JURISDICTION DIVISION
CASE NO.: 06-25162 CA (21)

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that the undersigned has been retained as co-counsel and appears on behalf of Plaintiff, Leonard Chernys, in the above styled cause.  Please direct a copy of all pleadings, papers, and/or inquiries to the undersigned.

Respectfully submitted,

DAMIAN & VALORI, LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

By: _____
      Melanie E. Damian, P.A.
      Florida Bar No.: 0099392

IN AND FOR THE ELEVENTH
JUDICIAL CIRCUIT OF
MIAMI-DADE COUNTY,
FLORIDA

LEONARD CHERNYS

    Plaintiff,

vs.

STANDARD PACIFIC OF SOUTH
FLORIDA, G.P. INC., and
STANDARD PACIFIC CORP.

    Defendants.

CIVIL DIVISION

CASE NO.: 06-25162-CA-21

## MOTION FOR PROTECTIVE ORDER

The Plaintiff, Leonard Chernys, by and through his undersigned counsel, files this Motion for Protective Order and states:

1. The Plaintiff, Leonard Chernys, is set for deposition on Tuesday, May 15th, 2007.

2. The Plaintiff has engaged the services of Melanie Damian, Esquire, to serve as co-counsel on this case and to deal with certain issues in this litigation.

3. Ms. Damian has, or will, file a Notice of Appearance and has just obtained on Friday, May 11th, 2007 copies of the file. Ms. Damian will attend the deposition of Mr. Chernys and has requested that the deposition be continued.

4. On Wednesday, May 9th, 2007, counsel notified Defendants' counsel and requested that the deposition be re-set in ten days. Counsel also notified the Defendants that he was amending his pleadings and would shortly file a

Motion for Leave to Amend with a proposed Amended Complaint. A copy of the letter is attached hereto as Exhibit A.

5. Defendants refused to re-set the deposition. A copy of this letter is attached as Exhibit B.

6. On Thursday, May 10th, 2007, counsel again requested that the deposition be re-set ten days hence, advised Defendants that counsel was set to file a Notice of Appearance. A copy of the letter is attached as Exhibit C.

7. Again, the Defendants refused to re-set the deposition.

8. On Friday, May 11th, 2007, co-counsel Melanie Damian, Esq. placed two phone calls to Jennifer Schwartz, Esq., counsel for the Defendants requesting that the deposition be re-set to provide her time to review the file, meet with the client and prepare for the deposition. She advised the Defendants that a Protective Order would be filed.

9. During these telephone calls, the Defendants' counsel refused to re-set the deposition.

10. Counsel for the Defendants have in the past requested that depositions be re-set, when the case was transferred internally from one partner to another. Plaintiff agreed to this request. See Exhibit D.

11. Now, when Plaintiff asks for a ten day continuance, Defendants refuse to grant same.

12. It is in the best interest of justice to permit Plaintiff's new co-counsel to review the file, help prepare the Plaintiff for deposition and attend his

deposition. There is no prejudice to the Defendants if a ten day continuance is granted.

13. Co-counsel has expertise in certain issues which are important to this case, and the pleadings to be amended. To preclude her from attending the deposition and familiarize herself so that she can help prepare Plaintiff as a witness would be detrimental and an injustice.

WHEREFORE, the Plaintiff requests that the Court grant the Plaintiff's Motion for Protection and re-set the deposition for 10 days hence.

Respectfully submitted,

Gary M. Carman
Gary M. Carman, P.A.
1111 Brickell Avenue,
Suite 2050
Miami, Florida 33131
Phone: 305-379-8300
Fax: 305-379-4404
Florida Bar No. 179409

By: _____

Melanie Damian, Esq.
Damian & Valori, LLP.
1000 Brickell Avenue
Suite 1020
Miami, FL 33131

By: _____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was **faxed**

and mailed to Christine L. Wilson, Esq. and Jennifer A. Schwartz, Esq., Jackson

Lewis LLP., One Biscayne Tower, Suite 3500, Two South Biscayne Boulevard,

Miami, FL 33131 on this    day of May, 2007.

_____
Gary M. Carman, Esq.

**EXHIBIT** _A_

# GARY M. CARMAN, P.A.

ATTORNEYS AT LAW
1111 BRICKELL AVENUE, SUITE 2050
MIAMI, FLORIDA 33131-3117
PHONE 305.379.8300 • FAX 305.379.4404

1415 PANTHER LANE
NAPLES, FLORIDA 34109-7874
PHONE 239.591.6607 • FAX 239.591.6601
WWW.CARMANLAWFL.COM

ADMITTED IN:
FLORIDA
NEW YORK
DISTRICT OF COLUMBIA

GARY M. CARMAN, ESQ.
GMC@CarmanLawFL.com

May 9th, 2007

## VIA FACSIMILE & U.S. MAIL

Christine L. Wilson, Esq.
Jennifer A. Schwartz, Esq.
Jackson Lewis, LLP
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL 33131

Re:   **Leonard Chernys vs. Standard Pacific of South Florida et al.;**
      **Miami-Dade County Circuit Court Case No.: 06-25162-CA-21**

Dear Ms. Schwartz and Ms. Wilson:

We are in the process of preparing our Motion to Amend our Complaint and will be filing the Motion and the Amended Complaint within the next ten days.

We expect the Court to grant the Motion for Leave to Amend and expect this case to be removed from the trial docket. We have also engaged co-counsel to assist us in this matter and expect that they will file their Notice of Appearance shortly.

Based on these changes, we do not at this time intend to take Ms. Ibarria's deposition as we previously indicated, nor those individuals in California. We are sure we can re-schedule them at a later date.

As you know, I have been out of my office this week and will be happy to speak with you about these matters on Thursday.

We suggest that all depositions be tolled for thirty days so that you can review the amended pleadings and respond to same. In the unlikely event that the Court does not grant us leave to amend, we would agree to a corresponding continuance of the trial for a corresponding period of time.

I look forward to discussing this matter with you.

Very truly yours,

*Natalie P. Katsanos*

For Gary M. Carman, P.A.
*Dictated but not read in order to save time*

cc: Len Chernys

**EXHIBIT** $\beta$

**jackson | lewis**

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

| | | | |
|---|---|---|---|
| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | PROVIDENCE, RI |
| One Biscayne Tower, Suite 3500 | BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| Two South Biscayne Boulevard | CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| Miami, Florida 33131 | CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| Tel 305 577-7600 | DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| Fax 305 373-4466 | GREENVILLE, SC | ORANGE COUNTY, CA | SEATTLE, WA |
| www.jacksonlewis.com | HARTFORD, CT | ORLANDO, FL | STAMFORD, CT |
| | HOUSTON, TX | PITTSBURGH, PA | WASHINGTON, DC REGION |
| | LONG ISLAND, NY | PORTLAND, OR | WHITE PLAINS, NY |

May 10, 2007

**VIA FACSIMILE & U.S. MAIL**
Gary Carman, Esq.
GARY CARMAN, P.A.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, FL 33131

Re:   *Leonard Chernys v. Standard Pacific Homes*
      Case No.: 06-25162-CA-21

Dear Mr. Carman:

    We respectfully decline your request to continue Mr. Chernys' deposition. We have been attempting to schedule Mr. Chernys' deposition for months. You refused to produce him for deposition until after you had taken depositions of several of Defendants' employees. The fact that you recently retained co-counsel is no reason to delay Mr. Chernys' deposition any longer.

    The deposition set for May 15, 2007 was coordinated with your office and properly noticed. You have attended all depositions in this case thus far, and there is no need for two attorneys to be present to defend Mr. Chernys' deposition. If your co-counsel is unavailable on May 15, 2007 she can read the transcript, just like she will read the transcripts from the depositions of Diana Ibarria, Jim Carr, Hal Eisenacher, Claudia Feldman and Janette Tavel to "get up to speed."

    We expect you and Mr. Chernys to be in our office on May 15, 2007 at 9:30 a.m. for the deposition, as noticed. If Mr. Chernys fails to appear, we will take a certificate of non-appearance and file the appropriate motions with the court. We hope that will not be necessary.

                    Very truly yours,

                    JACKSON LEWIS LLP

                    Jennifer A. Schwartz, Esq.

JAS/bt

**EXHIBIT** _C_

# GARY M. CARMAN, P.A.

**ATTORNEYS AT LAW**
1111 BRICKELL AVENUE, SUITE 2050
MIAMI, FLORIDA 33131-3117
PHONE 305.379.8300 • FAX 305.379.4404

1415 PANTHER LANE
NAPLES, FLORIDA 34109-7874
PHONE 239.591.6607 • FAX 239.591.6601
WWW.CARMANLAWFL.COM

ADMITTED IN:
FLORIDA
NEW YORK
DISTRICT OF COLUMBIA

GARY M. CARMAN, ESQ.
GMC@CARMANLAWFL.COM

May 10th, 2007

**VIA FACSIMILE & U.S. MAIL**

Christine L. Wilson, Esq.
Jackson Lewis, LLP
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL 33131

Re: **Leonard Chernys vs. Standard Pacific of South Florida et al.;
Miami-Dade County Circuit Court Case No.: 06-25162-CA-21**

Dear Ms. Wilson:

When your firm requested a continuance of depositions to allow your new partner to get up to speed, we agreed to do so. Our new co-counsel, Melanie Damian, Esq. is currently being retained by our client and will review the file and work with Mr. Chernys and me on this matter.

We respectfully request that Mr. Chernys' deposition be continued for ten days. This will enable Melanie to get up to speed on this matter.

Very truly yours,

Gary M. Carman, P.A

cc: Melanie Damian, Esq.

**EXHIBIT $D$**

# jackson lewis

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Tel 305 577-7600
Fax 305 373-4466
www.jacksonlewis.com

ATLANTA, GA
BOSTON, MA
CHICAGO, IL
DALLAS, TX
GREENVILLE, SC
HARTFORD, CT
LONG ISLAND, NY

LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORLANDO, FL
PITTSBURGH, PA

RALEIGH-DURHAM, NC
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

December 20, 2006

**VIA FACSIMILE & U.S. MAIL**
Gary Carman, Esq.
Gary Carman, P.A.
Mellon Financial Center
1111 Brickell Avenue, Suite 2050
Miami, FL 33131

Re:  Leonard Chernys v. Standard Pacific Homes
     Case No.:  06-25162-CA-21

Dear Mr. Carman:

This shall confirm our discussion this afternoon wherein we agreed to re-notice the deposition of Leonard Chernys, currently scheduled for December 22, 2006. Enclosed please find a Re-Notice of the deposition for January 18, 2007. In addition, Diana Ibarria is available for deposition on January 24, 2007.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

JACKSON LEWIS LLP

Jennifer A. Schwartz, Esq.

JAS/rs

Enclosure

# GARY M. CARMAN, P.A.

ATTORNEYS AT LAW
1111 BRICKELL AVENUE, SUITE 2050
MIAMI, FLORIDA 33131-3117
PHONE 305.379.8300 • FAX 305.379.4404

1415 PANTHER LANE
NAPLES, FLORIDA 34109-7874
PHONE 239.591.6607 • FAX 239.591.6601
www.CarmanLawFL.com

ADMITTED IN:
FLORIDA
NEW YORK
DISTRICT OF COLUMBIA

GARY M. CARMAN, ESQ.
GMC@CarmanLawFL.com

February 15, 2007

**VIA FACSIMILE & U.S. MAIL**

Jennifer A. Schwartz, Esq.
Jackson Lewis, LLP
One Biscayne Tower, Suite
Two South Biscayne Boulevard
Miami, FL 33131

Re:     **Leonard Chernys vs. Standard Pacific of South Florida et al.;**
        **Miami-Dade County Circuit Court Case No.: 06-25162-CA-21**

Dear Ms. Schwartz:

We have respectfully worked with you and your firm since December 28, 2006 to schedule depositions of the respective parties.

In fact, in your December 28th letter we agree that you would depose my client on January 18, 2007 and Ms. Ibarria could be deposed on January 24, 2007.

Shortly thereafter you requested that we continue these depositions and that we re-set them.

We have requested a date to depose Ms. Ibarria and do not find that the dates you have provided at the end of March are acceptable.

She resides in Miami and we will subpoena her if necessary for a deposition in late February or early March. We do not intend to let you dictate when, who and in what order we take our discovery.

Beginning with our letter of December 22, 2006, we requested that we depose Mr. Courtney and Mr. Dixon and whether they would appear in Florida for their deposition.

On January 22, 2007, I asked you to provide me with dates when Mr. Courtney could be deposed in February, since he had resigned his position with your client.

In that same letter, I again requested dates to depose Ms. Ibarria, Mr. Dixon, Ms. Breidenthal, Mr. Eisenacher and Mr. Carr.

We exchanged phone calls, and again no dates were forthcoming.

On February 6, I again sought dates for Mr. Dixon, Mr. Courtney and Ms. Ibarria's deposition and indicated to you that this was the order in which I intended to depose them.

I advised you that I would depose Mr. Carr after these individuals. I am unaware of any request to take Mr. Carr's deposition first as referred to in Christina's February 6th letter.

I want to conduct my discovery the way I see fit and will not allow your client to dictate the order of my discovery.

I have noticed these individual for deposition; you can file a protective order if you so desire or call me to see if this can be amicably resolved.

It has been my practice over the past 32 years to provide courtesies to opposing counsel, and in fact, I have done so in this case as recently as Tuesday, February 13, 2007. It appears that this practice may not work in this case.

We truly regret that this is the way the case will be handled.

Very truly yours,

Gary M. Carman

IN AND FOR THE ELEVENTH
JUDICIAL CIRCUIT OF
MIAMI-DADE COUNTY, FLORIDA

LEONARD CHERNYS )
)
Plaintiff, )
)        CIVIL DIVISION
vs. )
)
STANDARD PACIFIC OF SOUTH )        CASE NO.: 06-25162-CA-21
FLORIDA, G.P. INC., and )
STANDARD PACIFIC CORP. )
)
Defendants. )
_____ )

## NOTICE OF HEARING

**YOU ARE HEREBY NOTIFIED** that the Plaintiff, LEONARD CHERNYS,

by and through its undersigned attorney has set down for hearing before the

Honorable Judge Mary Barzee Flores of the above-styled Court, in Chambers, located at

73 West Flagler Street, Miami, FL 33130, Room 817 on Thursday, May 24th, 2007 at

8:45 a.m. or as soon thereafter as Counsel may be heard on the following:

### MOTION FOR PROTECTIVE ORDER.

Respectfully submitted,

GARY M. CARMAN, P.A.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, FL 33131
(305) 379-8300
(305) 379-4404 (fax)

By: _____
Gary M. Carman, Esq.
Florida Bar No.: 79409

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. Mail this ⎯14⎯ day of May 2007 to **Christine L. Wilson, Esq. and Jennifer A. Schwartz, Esq., Jackson Lewis LLP., One Biscayne Tower, Suite 3500, Two South Biscayne Boulevard, Miami, FL 33131.**

By: _____
                Gary M. Carman, Esq.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR,
MIAMI-DADE COUNTY, FLORIDA

LEONARD CHERNYS,                             CASE NO.: 06-25162-CA-01

       Plaintiff,

vs.

STANDARD PACIFIC OF SOUTH
FLORIDA, G.P. INC., a foreign profit
corporation, and STANDARD PACIFIC
CORP., an unregistered corporation,

       Defendants.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Plaintiff, Leonard Chernys, moves the Court, pursuant to Fla. R. Civ. P. 1.190, for leave to amend Plaintiff's Complaint and states:

1. This action was commenced on November 22, 2006 when Plaintiff filed his Complaint.

2. Plaintiff seeks to file a First Amended Complaint to properly include a count for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the damages suffered by Plaintiff as a result. *See* First Amended Complaint attached hereto as **Exhibit A**. Plaintiff also makes other amendments to the Complaint based on the factual developments of the case to date.

3. Fla. R. Civ. P. 1190(a) provides that leave to amend a pleading "shall be given freely when justice so requires."

4. This case has been pending for just over six months and only minimal discovery has been undertaken by the parties. Moreover, permitting the amended pleading attached hereto will not

*CASE NO.: 06-25162-CA-01*

unfairly prejudice any party to this action nor will it cause any undue delay. Permitting the amendments will avoid duplicative proceedings and conserve judicial resources.

5.      Plaintiff's counsel has conferred with Defendants' counsel and Defendants' counsel does not oppose the relief sought in this motion.

6.      Accordingly, in light of the liberal standard attendant to seeking leave to amend a pleading, this Court should exercise its discretion and permit the filing of the amended pleading attached hereto. *See Gerber Trade Finance, Inc. v. Bayou Dock Seafood Co., Inc.*, 917 So.2d 964 (Fla. 3rd DCA 2005).

WHEREFORE, Plaintiff respectfully request that this Court enter an order allowing Plaintiff to file his First Amended Complaint and grant such further relief as is just and proper.

Respectfully submitted,

GARY M. CARMAN, P.A
Mellon Financial Center
1111 Brickell Avenue, Suite 2050
Miami, FL 33131
Telephone: 305-379-8300
Facsimile: 305-379-4404
gmc@carmanlawfl.com

By: _____
Gary M. Carman, P.A.
Florida Bar No.79409

CASE NO.: 06-25162-CA-01

DAMIAN & VALORI, LLP.
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Telephone:  305-371-3960
Facsimile: 305-371-3965
mdamian@dvllp.com

By: _____
            Melanie Damian, P.A.
            Florida Bar No. 0099392

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via

U.S. mail to: Christine L. Wilson, Esq. and Jennifer A. Schwartz, Esq., Jackson Lewis, LLP, One

Biscayne Tower, Suite 3500, Two South Biscayne Blvd., Miami, FL 33131 on this __ day of June,

2007.

_____
                Melanie E. Damian

\\Dvserver\share\Public Documents\Chernys, Leonard v. Standard\Motion for Leave to Amend.wpd

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR,
MIAMI-DADE COUNTY, FLORIDA

LEONARD CHERNYS,                    CASE NO.: 06-25162-CA-01

      Plaintiff,

vs.

STANDARD PACIFIC OF SOUTH
FLORIDA, G.P. INC., a foreign profit
corporation, and STANDARD PACIFIC
CORP., an unregistered corporation,

      Defendants.
_____/

## FIRST AMENDED COMPLAINT

    Plaintiff, Leonard Chernys, files his First Amended Complaint and sues

Defendants, Standard Pacific of South Florida, G.P. Inc. and Standard Pacific Corp., and

alleges as follows:

    1.    This is an action for damages relating to, *inter alia*, the unlawful

termination of Plaintiff by Defendants. The damages sought herein exceed the sum of

fifteen thousand dollars exclusive of costs, interest and attorney's fees.

    2.    Plaintiff, Leonard Chernys ("Chernys") is a resident of Miami-Dade

County, Florida and is over the age of eighteen.

    3.    Defendant, Standard Pacific of South Florida, G.P. Inc. ("Standard

Pacific") is a foreign corporation engaging in the construction of residential homes, town

homes and apartments in the Tri-County areas of Palm Beach, Broward, and its principal

place of business, Miami-Dade County, Florida.



4.     Defendant, Standard Pacific Corp. is a corporation organized under the laws of the State of California, not registered in Florida, does business in Miami-Dade County, Florida and is the parent corporation of Standard Pacific of South Florida, G.P., Inc.

5.     Chernys began his career with Standard Pacific, Inc.'s predecessor, Westbrooke Communities, Inc. ("Westbrooke"), over 27 years ago.

6.     As a young man he held many positions with Westbrooke and its successors and was responsible for the development of many residential communities in South Florida. In fact, Chernys held the General Contractor's license used by the Company to build these projects.

7.     He was recognized by his employer and peers as being a team player, an astute businessman and a person of great trust. In fact, at Westbrooke he was one of the executives running the Company.

8.     During his years with the Company, he was constantly called upon to take a leadership role in the Company and repeatedly performed to his fullest potential, and as such the Company prospered.

9.     In April 15, 2002 Westbrooke was acquired by Standard Pacific Corporation, one of the nation's largest homebuilders, and Chernys joined Standard Pacific.

10.     At first he continued to serve as its Senior V.P. for Operations, which encompassed both purchasing and construction, then Senior Vice President of Product

2

*First Amended Complaint*
*Case No.: 06-25162-CA-01*

Development, in which he continued to give counsel and aid to both departments. As part of his duties, he was required to hire and train subordinates who were less experienced and younger than he and whom ultimately would replace him.

11.     He was part of the key management team which led the Company to great financial success. He, like other top executives, participated in a profit sharing program and received sizable distributions.

12.     In August of 2004, discussions took place between Standard Pacific and its consultant, Jim Carr ("Carr"), also the former owner of Westbrooke, regarding Chernys' age, as he was approaching sixty years old and Standard proposed his retirement.

13.     Carr dealt exclusively with Standard Pacific Corporation's Chairman Michael Cortney regarding the negotiation about Chernys' retirement and discussed and agreed that his retirement should be done in a way to allow Chernys a "soft landing".

14.     It was agreed that both Standard Pacific and Standard Pacific Corporation would pay Chernys a 2 ½ % share of the Company's pre-tax income for 2005 and 2006 and that Chernys' would thus be given a "soft landing".

15.     Carr relayed this "soft landing" proposal to Chernys. Chernys reluctantly agreed to the profit sharing proposed.

16.     Chernys continued to labor during this crucial transition period as the Sr. Vice President for Product Development, and reported to the President Diana Ibarria ("Ibarria") to reach the Company's goals they had set.

3

*First Amended Complaint*
*Case No.: 06-25162-CA-01*

17.    In 2006 Chernys served as the Company Sr. Vice President of Product Development and was responsible for the Company's move to new headquarters. This process was handled in an expeditious fashion due to the termination of the company's lease.

18.    Chernys frequently spoke to Ibarria, provided her guidance and advice and remained active within the company on a full time basis. Ibarria expressed to Chernys her appreciation for his service and that his efforts and presence were needed and appreciated.

19.    2005 was a wonderful year for Standard Pacific Corporation; they had great sales and made a substantial profit. Chernys, as part of the management team, participated in the Company's substantial profit sharing plan which was paid out in 2006. He received – as previously agreed to by Cortney and Carr - for these efforts a distribution in excess of 1 million dollars.

20.    In early 2006, prior to the receipt and/or payment of the 2005 2 ½ share of the Company's pre-tax income, he met with Ibarria and she advised him that he would not participate in the 2006 profit sharing plan as previously agreed upon, but that he could continue to work past 2006 for several more years.

21.    In reliance on these statements, despite the Company's anticipated breach of the agreement, Chernys continued his employment and expected to stay several years.

4

22.     This decision would allow him to continue to work in a job he loved, with people who respected his leadership and talent and would serve as Senior Vice-President of Product Development. Chernys would assist and report to the Company's President.

23.     In October of 2006, Chernys was told by the Defendants to resign. He was provided the opportunity to stay on as a consultant for a year at a severely reduced rate of pay and was again denied the right to receive his share, i.e. the 2 ½ % of the pre-tax income of the Company's Florida Division, "Westbrooke Homes". A copy of the Consultant's Agreement was attached to the original Complaint as **Exhibit A**.

24.     In addition to the consultancy Agreement, the Defendants requested Chernys consult counsel and agree to sign a release waiving all claims he had against the Defendants, waive his rights and remedies under the Age Discrimination in Employment Act, Older Worker's Benefit Act and for other relief including the signing of a covenant not to compete, which clearly restricted his ability to make a living and had not been a prior criteria for employment.

25.     He was never provided a severance package, never had an exit interview, though it was represented to him by email that he would receive a package, which would be in excess of $109,000.00

26.     Chernys refused to sign the Agreement, requested the payment of his profit sharing and salary and/or continued employment. Chernys requests were denied and his employment was terminated.

5

*First Amended Complaint*
*Case No.: 06-25162-CA-01*

27.     After 27 years, Chernys was now treated as a persona non-grata and reiterated his request that the company provide him an acceptable indemnity agreement for using his license was withheld.

## COUNT I – FRAUDULENT MISREPRESENTATION

28.     Plaintiff re-alleges paragraphs 1 through 27 as stated herein.

29.     The Defendants represented to the Plaintiff that if he stayed in 2006 he would remain as a Senior Vice President of the Company and not forced to retire or resign and that his employment would continue. It was also represented to him that he would receive a bonus.

30.     These statements were made with the purpose of attempting to induce Chernys to remain employed as long as the company needed him to transition and to waive his right to the moneys owed. The Defendants were aware that the Plaintiff would rely on the statements to his detriment.

31.     The Defendants knew that the representations were false and known by them to be false at the time they made them.

32.     Defendants terminated the Plaintiff's employment without cause and advised him that he could not participate in the 2006 profit sharing program or remain employed.

33.     As a result of these misrepresentations, Plaintiff has suffered damages.

6

*First Amended Complaint*
*Case No.: 06-25162-CA-01*

WHEREFORE, Chernys demands judgment against the Defendants for damages, interest, attorney's fees, costs, interest on and judgment obtained, and other relief as the Court may deem proper.

## COUNT II – BREACH OF CONTRACT

34. Plaintiff re-alleges paragraphs 1 through 27 as stated herein.

35. Chernys and Defendants had an agreement that Chernys would receive 2 ½ % of pre-tax profits of the Westbrooke Homes Division for the years 2005 and 2006.

36. Chernys, honestly, faithfully, conscientiously, in good faith and in reliance on such agreement fully discharged his duties to the Defendants and performed in accordance with his Agreement.

37. In 2005, Defendants complied with the Agreement and he was paid the 2 ½ % of pre-tax income for the year 2005 plus his salary.

38. The Defendants breached the Agreement by terminating Chernys, and not paying his 2006 2 ½ % pre-tax income share.

39. By reason of the breach, Chernys has suffered damages.

40. All conditions precedent to bring this lawsuit have been performed, waived or excused.

WHEREFORE, Chernys demands judgment against the Defendants for damages, interest, attorney's fees, costs, interest on and judgment obtained, and other relief as the Court may deem proper.

7

*First Amended Complaint*
*Case No.: 06-25162-CA-01*

## COUNT III - AGE DISCRIMINATION
(29 U.S.C. 631 *et seq.*)

41.     Plaintiff re-alleges paragraphs 1 through 27 as stated herein.

42.     This action is brought for violations of the Age Discrimination in Employment Act, 29 U.S.C. 631 *et seq.* ("ADEA").

43.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and has a received a notice of Right to Sue Letter. *See* Notice of Right to Sue attached hereto as **Exhibit B**.

44.     At all material times, Plaintiff was an "employee" and a member of a protected group within the meaning of the ADEA.

45.     At all material times, Defendants were an "employer" within the meaning of the ADEA.

46.     At all material times, Plaintiff was qualified to perform duties of his position with Defendants.

47.     During 2006, Plaintiff's employment was terminated because of his age and he was subsequently replaced by another employee (or his job duties were assumed by another employee) who was substantially younger.

48.     As a result of Defendants' wrongful termination, Plaintiff has been damaged.

49.     All conditions precedent to bringing this lawsuit have been performed, waived or excused.

8

*First Amended Complaint*
*Case No.: 06-25162-CA-01*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendants and award Plaintiff damages for front-pay, back-pay, liquidated damages, his attorneys' fees, and grant such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all causes of action and issues triable as such.

Respectfully submitted,

GARY M. CARMAN, P.A
Mellon Financial Center\
1111 Brickell Avenue, Suite 2050
Miami, FL 33131
Telephone:  305-379-8300
Facsimile:  305-379-4404
gmc@carmanlawfl.com

By: _____
Gary M. Carman, P.A.
Florida Bar No.79409

and

DAMIAN & VALORI, LLP.
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Telephone:  305-371-3960
Facsimile:  305-371-3965
mdamian@dvllp.com

By: _____
Melanie Damian, P.A.
Florida Bar No. 0099392

9

*First Amended Complaint*
*Case No.: 06-25162-CA-01*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail to: Christine L. Wilson, Esq. and Jennifer A. Schwartz, Esq., Jackson Lewis, LLP, One Biscayne Tower, Suite 3500, Two South Biscayne Blvd., Miami, FL 33131 on this 14 day of June, 2007.

Melanie E. Damian

*\\Dvserver\share\Public Documents\Chernys, Leonard v. Standard\Amended Complaint 6.7 (ADEA).wpd*

10

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR,
MIAMI-DADE COUNTY, FLORIDA

LEONARD CHERNYS,                    CASE NO.: 06-25162-CA-01

      Plaintiff,

vs.

STANDARD PACIFIC OF SOUTH
FLORIDA, G.P. INC., a foreign profit
corporation, and STANDARD PACIFIC
CORP., an unregistered corporation,

      Defendants.

_____/

## AGREED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

THIS CAUSE having come before the Court on Plaintiff's Motion for Leave to

File a First Amended Complaint, and the Court having considered the motion, agreement

of counsel, and otherwise being fully advised of the premises, hereby

      ORDERS and ADJUDGES that:

      Plaintiff's Motion for Leave to File its First Amended Complaint is **Granted.**

Plaintiff's First Amended Complaint will be deemed filed as of the date of this Order.

      DONE AND ORDERED in Chambers at Miami, FL, this ____ day of

_____, 2007.


                        _____
                        HONORABLE MARY F. BARZEE
                        CIRCUIT COURT JUDGE

cc:    *Melanie E. Damian, Esq.*
      *Gary Carman, Esq.*
      *Christine L. Wilson, Esq.*

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO. 06-25162-CA-01

LEONARD CHERNYS                          )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )
                                          )
STANDARD PACIFIC OF SOUTH                 )
FLORIDA, G.P. INC., a foreign profit      )
corporation, and STANDARD PACIFIC         )
CORP., an unregistered corporation,       )
                                          )
              Defendants.                 )
                                          )

THE ORIGINAL
FILED ON:

JUN 21 2007

IN THE OFFICE OF
CIRCUIT COURT DADE CO. FL.

## NOTICE OF WITHDRAWAL OF DEFENDANTS' MOTION
## FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P. INC., and

STANDARD PACIFIC CORP., through their undersigned counsel, hereby withdraw their

Motion for Summary Judgment.

      1.      Plaintiff filed a Complaint on November 22, 2006 alleging: declaratory

judgment, breach of contract, fraud in the inducement, and wrongful termination.

      2.      On May 3, 2007 Defendants filed a Motion for Summary Judgment.

      3.      On June 16, 2007 Plaintiff served Defendants with an unopposed Motion

for Leave to File a First Amended Complaint adding a claim for age discrimination under 29

U.S.C. § 631 et. seq.

      4.      Defendants withdraw their summary judgment motion without prejudice

so that they can conduct research on Plaintiff's new claim, and to follow federal court procedures

upon removal to federal court.

      5.      Defendants intend to re-file the motion and a memorandum of law at the

conclusion of discovery.

CASE NO.  06-25162-CA-21

Dated:  June 21 2007.
Miami, Florida

                                    Respectfully submitted,

                                    _Christine L. Wilson_

                                    Christine L. Wilson, Esq.
                                    Florida Bar No. 143588
                                    E-mail: *wilsonc@jacksonlewis.com*
                                    JACKSON LEWIS LLP
                                    One Biscayne Tower, Suite 3500
                                    2 South Biscayne Boulevard
                                    Miami, Florida 33131
                                    Telephone:  305-577-7600
                                    Facsimile:  305-373-4466
                                    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served

via U.S. mail on June 21, 2007 on all counsel or parties of record on the attached service list.

                                    _Christine L. Wilson_

                                    Christine L. Wilson, Esq.

2

CASE NO. 06-25162-CA-21

## SERVICE LIST

**Chernys v. Standard Pacific of South Florida, G.P. Inc., and Standard Pacific Corp.
Case No. 06-25162-CA-21**

Gary Carman, Esq.
GARY CARMAN, P.A.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, FL 33131
Telephone: 305-379-8300
Facsimile: 305-379-4404
Counsel for Plaintiff

Melanie E. Damian, Esq.
DAMIAN & VALORI, LLP
1000 Brickell Avenue
Suite 1020
Miami, FL 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965
Co-counsel for Plaintiff

JS 44 (Rev. 1...)

The JS 44 civil cover sheet and the information contained ... neither replace nor supplement the filing and service of ... ... gs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial ... ... ference of the United States in September 1974, is require... ... for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below

07 21605

## I. (a) PLAINTIFF

LEONARD CHERNYS

**(b)** County of Residence of First Listed Plaintiff Palm Beach County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Gary M. Carman, Esq.
GARY CARMAN P.A.
1111 Brickell Avenue
Suite 2050
Miami, Florida 33131

Melanie E. Damian, Esq.
DAMIAN & VALORI, LLP
1000 Brickell Avenue
Suite 1020
Miami, Florida 33131

## DEFENDANTS

STANDARD PACIFIC OF SOUTH FLORIDA, G.P. INC., and STANDARD PACIFIC CORP.

CIV-HIGHSMITH

County of Residence of First Listed Defendant Miami-Dade County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
Christine L. Wilson, Esq. and Jennifer A. Schwartz, Esq.
JACKSON LEWIS LLP
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131

McALILEY

**(d)** Check County Where Action Arose: ☒ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

MIAMI-07CV-21605 GHI

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

Transferred from

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page:)

a) Re-filed Case YES NO     b) Related Cases **YES** NO

Leonard Chernys v. Standard Pacific of South Florida, G.P. Inc., and Standard Pacific Corp., 11th Judicial Circuit for and in Miami-Dade County Florida, Case No. 06-25162-CA-01 Honorable Mary Barzee Flores

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): Age Discrimination in Employment Act, 29 U.S.C. § 631, et seq. Plaintiff claims he was terminated based on age, breach of contract, and fraud.

LENGTH OF TRIAL via 5 to 6 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND Over $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
Christine L Wilson

DATE
June 22, 2007

FOR OFFICE USE ONLY

AMOUNT $350.00     RECEIPT # 962115     IFP     06/22/07