UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21605 CIV-HIGHSMITH/MCALILEY

LEONARD CHERNYS, an individual,   )
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )
STANDARD PACIFIC OF SOUTH          )
FLORIDA, G.P. INC., a foreign profit )
corporation, and STANDARD PACIFIC  )
CORP., an unregistered corporation, )
                                   )
            Defendants.            )
                                   )

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 15(a), Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P. INC., and STANDARD PACIFIC CORP., timely file their Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("Complaint") as follows:

1.      Defendants admit that Plaintiff seeks damages in excess of $15,000.00, but deny that Plaintiff is entitled to any relief in this action.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, those allegations are denied, except Defendants admit Plaintiff is over the age of eighteen.

3.      Defendants admit that Standard Pacific of South Florida, G.P. is a foreign corporation with its principal place of business in Miami-Dade County, Florida, but deny the remaining allegations contained in paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.      Defendants admit that Plaintiff worked for Westbrooke Communities, Inc., but deny the remaining allegations contained in paragraph 5 of the Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit Plaintiff held a contractor's license during his employment.

7.      Defendants deny the allegations contained in paragraph 7 of the Complaint, except admit he was an executive of Westbrooke.

8.      Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.      Defendants admit that Westbrooke was acquired by Standard Pacific Corp. in April 2002 and Plaintiff was employed by Westbrooke at that time, but deny the remaining allegations contained in paragraph 9 of the Complaint.

10.     Defendants admit that Plaintiff held the positions of Senior V.P. for Operations and then Senior V.P. of Product Development, but deny the remaining allegations contained in paragraph 10 of the Complaint.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants admit that Plaintiff held the title Senior V.P. of Product Development in 2006, but deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants admit that Plaintiff participated in the Profit Sharing Plan for 2005 and received a profit sharing contribution over one million dollars, but deny the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendants admit that Ibarria advised Plaintiff that he would not participate in the 2006 Profit Sharing Plan, but deny the remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that Plaintiff understood and agreed that he would not participate in the 2006 Profit Sharing Plan, but deny the remaining allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants admit that Plaintiff was given the opportunity to work as a

Case No. 07-21605 Civ-Highsmith/McAliley

consultant for Standard Pacific of South Florida pursuant to the terms of a ʻConsulting Agreement. Defendant states that no Exhibit "A" was attached to the Amended Complaint. Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint, and move to strike this paragraph because any such communications would represent a compromise or offer to compromise a claim under Florida Statute Section 90.408.

25.     Defendants admit that Plaintiff rejected the benefits that were offered to him, but deny the remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

### COUNT I – FRAUDULENT MISREPRESENTATION

28.     Defendants reallege and incorporate their responses to paragraphs 1 through 27 of the Complaint as though set forth fully herein.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants admit that Plaintiff was laid off due to a down turn in business and further admit that several months earlier the parties agreed Plaintiff would not participate in

the 2006 profit sharing program.  Defendants otherwise deny the remaining allegations contained in paragraph 32 of the Complaint.

      33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

      Defendants deny that Plaintiff is entitled to any of the relief sought in the *ad damnum* clause contained in Count I of the Complaint.

## COUNT II - BREACH OF CONTRACT

      34.     Defendants reallege and incorporate their responses to paragraphs 1 through 27 of the Complaint as though set forth fully herein.

      35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

      36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

      37.     Defendants admit that Plaintiff received a profit share distribution in 2005, but deny the remaining allegations contained in paragraph 37 of the Complaint.

      38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

      39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

      40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

      Defendants deny that Plaintiff is entitled to any of the relief sought in the *ad damnum* clause contained in Count II of the Complaint.

Case No. 07-21605 Civ-Highsmith/McAliley

## COUNT III – AGE DISCRIMINATION (29 U.S.C. 631 et seq.)

41.     Defendants reallege and incorporate their responses to paragraphs 1 through 27 of the Complaint as though set forth fully herein.

42.     Defendants admits Plaintiff has claimed a violation of the Age Discrimination in Employment Act but deny any violations of the statute occurred.

43.     Defendants admit Plaintiff filed a charge of discrimination with the EEOC and that the EEOC served Defendants with a Right to Sue notice.  Defendants deny the remaining allegations contained in paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint calls for a legal conclusion to which no response is required.

45.     Paragraph 45 of the Complaint calls for a legal conclusion to which no response is required.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the *ad damnum* clause contained in Count III of the Complaint.

Case No. 07-21605 Civ-Highsmith/McAliley

## JURY TRIAL DEMANDED

Defendants admit that Plaintiff seeks a trial by jury on all issues so triable.

## STATEMENT OF DEFENSES

### First Defense

50.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation(s).

### Second Defense

51.     Plaintiff's claims are barred, in whole or in part, because Standard Pacific Corp. is not a proper party to this action.

### Third Defense

52.     Plaintiff's claims in Counts I and II are barred, in whole or in part, by the statute of frauds.

### Fourth Defense

53.     Plaintiff's claims in Counts I and II are barred, in whole or in part, by the economic loss rule.

### Fifth Defense

54.     Plaintiff's breach of contract claim is barred because Jim Carr lacked actual, apparent and/or implied authority to make the alleged promises/statements at issue in this action.

### Sixth Defense

55.     Plaintiff's claims in Counts I and II are barred because there is no consideration flowing to Defendants to support Plaintiff's claims and/or the alleged promises at issue.

## Seventh Defense

56.    Plaintiff's breach of contract claim is barred on the grounds of indefiniteness, lack of mutuality of obligation, and the alleged promises at issue are otherwise illusory.

## Eighth Defense

57.    Plaintiff's breach of contract claim is barred on the grounds of mutual mistake and/or the fact there was no meeting of the minds.  As such, the alleged contract is void or voidable and should be rescinded.

## Ninth Defense

58.    Plaintiff was an at-will employee who could be terminated at any time, with or without notice and with or without cause.

## Tenth Defense

59.    To the extent that there was a contract between the parties, Plaintiff is not entitled to any damages because he materially breached the terms of the agreement thus relieving Defendants of any further obligation on its part under such agreement.

## Eleventh Defense

60.    Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## Twelfth Defense

61.    Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation.

## Thirteenth Defense

62.    Plaintiff's claims for damages are barred, in whole or in part, by his failure to take reasonable steps to mitigate his damages.

### Fourteenth Defense

63.     Plaintiff's claim for discrimination fails and/or his recovery of damages is limited because Defendants exercised reasonable care to prevent and correct promptly, any alleged discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise.

### Fifteenth Defense

64.     Defendants have made good faith efforts to prevent discrimination in the workplace, and thus cannot be liable for the decision of their agents, or punitive damages, to the extent the challenged employment decisions were contrary to their efforts to comply with anti-discrimination statutes.

### Sixteenth Defense

65.     Plaintiff's claims and/or claims for damages are barred (or limited) to the extent it is shown he engaged in misconduct prior to, during, or in connection with, his employment, that otherwise would have resulted in his discharge if such conduct were then known to Defendants.

### Seventeenth Defense

66.     Plaintiff's claims of discrimination are barred on the grounds that, even if any decisions concerning Plaintiff were based in part on Plaintiff's age, which they were not, Defendants would have reached the same decision, absent any consideration of Plaintiff's age.

### Eighteenth Defense

67.     There were legitimate, non-discriminatory reasons for all employment decisions made by Defendants regarding Plaintiff.   Plaintiff's age was not a motivating, determining or substantial factor(s) in any of Defendants' employment decisions as to Plaintiff.

Case No. 07-21605 Civ-Highsmith/McAliley

### Nineteenth Defense

68.    Plaintiff's claims are barred by the doctrine of estoppel and/or laches.

### Twentieth Defense

69.    Plaintiff's age discrimination claims are barred, in whole or in part, by his

failure to follow and/or exhaust all administrative prerequisites prior to filing this lawsuit.

70.    Defendants reserve the right to amend their affirmative defenses.

**WHEREFORE**, Defendants, STANDARD PACIFIC OF SOUTH FLORIDA,

G.P. INC., and STANDARD PACIFIC CORP., respectfully request that this Honorable Court:

(a) dismiss Plaintiff's Amended Complaint with prejudice;

(b) deny Plaintiff's demands and prayers for relief;

(c) grant such other and further relief as this Court deems just and proper.

Dated: July 17, 2007
      Miami, Florida

                         Respectfully submitted,

                        By: _____

                        Christine L. Wilson, Esq.
                        Florida Bar No. 143588
                        Email: *wilsonc@jacksonlewis.com*
                        Jennifer A. Schwartz, Esq.
                        Florida Bar No. 502431
                        E-mail: *schwartj@jacksonlewis.com*
                        JACKSON LEWIS LLP
                        One Biscayne Tower, Suite 3500
                        2 South Biscayne Boulevard
                        Miami, Florida  33131
                        Telephone:  305-577-7600
                        Facsimile:  305-373-4466
                        Attorneys for Defendants
                        STANDARD PACIFIC OF SOUTH
                        FLORIDA, G.P. INC., and STANDARD
                        PACIFIC CORP.

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
Christine L. Wilson, Esq.

Case No. 07-21605 Civ-Highsmith/McAliley

## SERVICE LIST

**Leonard Chernys v. Standard Pacific of South Florida, G.P. Inc.,
and Standard Pacific Corp.**

**Case No. 07-21605 Civ-Highsmith/McAliley
United States District Court, Southern District of Florida**

Gary M. Carman, Esq.
E-mail: *gmc@carmanlawfl.com*
GARY M. CARMAN, P.A.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, Florida 33131
Telephone: 305-379-8300
Facsimile: 305-379-4404
Counsel for Plaintiff/Leonard Chernys
Served via transmission of Notices of Electronic Filing generated by CM/ECF

and

Melanie E. Damian, Esq.
E-mail: *mdamian@dvllp.com*
DAMIAN & VALORI, LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965
Co-counsel for Plaintiff/Leonard Chernys
Served via transmission of Notices of Electronic Filing generated by CM/ECF

Christine L. Wilson, Esq.
Email: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: schwartj@jacksonlewis.com
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  305-577-7600
Facsimile:  305-373-4466
Attorneys for Defendants
Standard Pacific of South Florida, G.P. Inc., and Standard Pacific Corp.