UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21605 CIV-HIGHSMITH/GARBER

LEONARD CHERNYS, an individual, )
)
      Plaintiff, )
)
v. )
)
STANDARD PACIFIC OF SOUTH )
FLORIDA, G.P. INC., a foreign profit )
corporation, and STANDARD PACIFIC )
CORP., an unregistered corporation, )
)
      Defendants. )

**DEFENDANTS' MOTION FOR SANCTIONS AND
ACCOMPANYING MEMORANDUM OF LAW**

Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P., INC. ("Standard Pacific of South Florida") and STANDARD PACIFIC CORP. (hereafter "Defendants"), by and through their undersigned counsel, submit their Motion for Sanctions and Accompanying Memorandum of Law. As set forth in detail below, Plaintiff's counsel has disclosed confidential settlement discussions and in so doing has tainted a key witness justifying dismissal, sanctions in terms of striking of the witness's testimony at trial, and/or sanctions against the attorney in his personal capacity.

1.     The parties attended a confidential settlement conference before Magistrate Judge Turnoff on April 22, 2008.

2.     The Local Rules of this Court governing mediation and settlement provide that all representations made during mediation are confidential: "All proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida

Statutes Section 44.405.[1] The proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury, or construed for any purpose as an admission against interest." Southern District of Florida Local Rule 16.2.G.2.[2]

3. In addition to the above, at the settlement conference, the attorneys were cautioned several times by Judge Turnoff that the positions of the parties during the conference are confidential and disclosures during mediation could not be used for any purpose outside the conference.

4. Despite the Local Rules, state law, and clear policy that such proceedings are strictly confidential, Plaintiff's attorney, Gary Carman, disclosed confidential settlement discussions to a key witness in the case, James Carr.

5. Mr. Carr called SPSF's President, Diana Ibarria, on April 24, 2008 and told her that Gary Carman had called him and sounded "pissed as hell" about the parties' failure to settle and, in particular, the Defendants' stance during the conference. Mr. Carr advised Ms. Ibarria that Attorney Carman disclosed to him statements, positions, and settlement numbers that had been discussed during the confidential conference before Judge Turnoff.

6. Mr. Carr advised Ms. Ibarria that he had been told about the parties' confidential discussions concerning the final number the Plaintiff demanded. Mr. Carr told Ms. Ibarria that she should accept the number he was told that Plaintiff had demanded because Mr. Carr did not believe Plaintiff's final demand was unreasonable and he believed it was a "good deal." Mr.

---

[1] Fla Stat. § 44.405 provides: "A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel."

[2] The district courts of appeal are required to provide for the confidentiality of alternative dispute resolutions: "each district court shall, by local rule adopted under section 2071(a), provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications." 28 U.S.C. § 651(d).

Carr advised Ms. Ibarria that he had been told the attorneys and the Magistrate Judge had "agreed" to Plaintiff's final demand, but that she "blew up the whole deal." Mr. Carman also advised Mr. Carr that that it had been difficult to get Plaintiff to reduce his demand at the confidential settlement conference because Plaintiff's wife was "running the show," and she thought Plaintiff was entitled to "millions."

7.  Putting aside the violation of his duty as an officer of the Court to not reveal confidential settlement discussions, Attorney Carman's disclosure to Mr. Carr of what transpired at mediation is improper and sanctionable for an even more serious reason. Attorney Carman's conduct has negatively impacted and unfairly prejudiced Defendants' ability to defend against Plaintiff's cause of action for breach of oral contract. Plaintiff's breach of oral contract claim is based on Plaintiff's allegation that Mr. Carr entered into an oral agreement with Standard Pacific Corp.'s President, Michael Cortney, to pay Plaintiff profit sharing for multiple years. Mr. Carr, a key witness in the case who encouraged Plaintiff to file this lawsuit, is certainly the last individual who should be privy to the confidential settlement discussions disclosed to him by Attorney Carman.[3]

8.  Mr. Carr is likely to want to punish Defendants for wasting his time on a case that he believes, based on what Plaintiff's counsel told him, should have been settled at mediation. Much of this case boils down to the credibility of Defendants' position that they never entered into an oral agreement to pay Mr. Chernys a bonus for 2006. Mr. Carr's knowledge and/or understanding of the negotiations at mediation is likely to be used by Mr. Carr at trial to support

---

[3] Mr. Carr encouraged Plaintiff to file this case and contends that Plaintiff is entitled to the relief he seeks in the case ($1.04 million in profit sharing). Carr Dep. at 9:23-10:8. Moreover, Plaintiff relied almost solely on Mr. Carr's testimony (with regard to the breach of contract claim) in his opposition to summary judgment.

an inference that Defendants believed there was an obligation to pay Plaintiff a bonus in 2006. Mr. Carr said as much when he told Ms. Ibarria that Defendants could "get off" for half of the amount that he believes is owed and that it is unreasonable for Defendants not to accept Plaintiff's last offer. Mr. Carr's recollection and testimony regarding the alleged oral agreement has changed during his depositions. Information about the positions taken by the parties at mediation is likely to influence Mr. Carr's testimony in Plaintiff's favor if, for no other reason, because of his disagreement with Defendants' position in not settling the case. Accordingly, at a minimum, no trial testimony from Mr. Carr should be permitted.

9. If the Court were to allow this deliberate and improper conduct to go unchecked, continued behavior in this vein could have a chilling effect upon the mediation and settlement process. See, e.g., Doe v. State of Neb., 971 F. Supp. 1305, 1307 (D. Neb. 1997) ("if any comments about the dispute made during the negotiation process were later to be construed as admissions. . .the posturing of the parties in the negotiations could well reduce or eliminate any likelihood of settlement"); Bernard v. Randolph, 901 F. Supp. 778, 784 (S.D.N.Y. 1995) (imposing monetary sanctions on an attorney for violating the confidentiality provisions governing the mediation process); Paranzino v. Barnett Bank of So. Fla., N.A., 690 So. 2d 725 (Fla. 4th DCA 1997) (dismissing action based on plaintiff's and plaintiff's attorney's disclosure of mediation process); Gordon v. Royal Caribbean Cruises Ltd., 641 So. 2d 515 (Fla. 3rd DCA 1994) ("the confidentiality afforded to parties involved in mediation proceedings must remain inviolate"). See also Diaz v. Hillsborough County Hosp. Auth., Case No. 8:90-CV-120-T-25B, 2000 U.S. Dist. LEXIS 14061, *16 (M.D. Fla. 2000) (recognizing the necessity and importance of "protecting the confidentiality of the substance of mediation discussions").

10. In entering this process, the attorneys certainly were aware of the condition of

absolute confidentiality regarding the proceedings.[4] Plaintiff's attorney deliberately disregarded the confidentiality privilege. Indeed, the very basis of settlement discussions and mediation is that parties can rely upon the confidentiality of all oral or written statements. This was clearly violated.

11. Defendants contend that the violation at hand is especially flagrant as it was made by an attorney who presumably is familiar with the importance of confidentiality as well as the Local Rules. Thus, this conduct should not be overlooked.

12. Defendants contend that Mr. Carman's actions are offensive and inexcusable, and the case should be dismissed. In Paranzino, 690 So. 2d 725, the Florida Fourth DCA held that dismissal was appropriate based on disclosure of mediation statements to the media. Defendants contend that disclosure of confidential information to a key and influential witness by an attorney is even more egregious. As stated by the Florida Supreme Court: "Attorneys have a solemn responsibility to assure that not even the **taint** of impropriety exists as to the procurement of **testimony** before courts of justice." The Florida Bar v. Jackson, 490 So. 2d 935, 936 (Fla. 1986) (emphasis added) (concurring opinion).

13. Mr. Carman's purported anger that the Defendants did not accept his client's demand should have been kept to himself. His actions in attempting to influence a key witness – who is a party to the alleged oral agreement Plaintiff is attempting to enforce – are unpardonable. See Davis v. Kansas City Fire & Marine Ins. Co. 195 F.R.D. 33, 3738 (N.D. Okla. 2000) (it is "a

---

[4] To the extent Plaintiff argues that Ms. Ibarria disclosed a settlement discussions to Mr. Carr previously, Ms. Ibarria testified she was unaware that the mediation was to be held confidential and any such disclosure was not knowing or willful. The same cannot be said for an attorney's disclosure.

further violation to use confidential settlement conference statements to gain an advantage in the litigation").

14. At a minimum, Mr. Carr has been tainted as a witness and his trial testimony should be barred under Fed. R. Evid. 403 because Mr. Carman's breach of confidentiality to one of the key witnesses in the case is unfairly prejudicial to Defendants. Plaintiff, who had the opportunity to depose Mr. Carr, cannot be prejudiced by this action because Mr. Carr's deposition can be read into the record.

15. As a final alternative, sanctions can be levied against Mr. Carman.[5] See Bernard, 901 F. Supp. at 784 (imposing sanctions on an attorney for violating the confidentiality provisions governing the mediation process).

## CONCLUSION

**WHEREFORE** for the foregoing reasons, Defendants STANDARD PACIFIC OF SOUTH FLORIDA, G.P., INC. and STANDARD PACIFIC CORP. respectfully request this Court to enter an Order granting such relief the Court deems just and proper.

---

[5] The Rules of Professional Responsibility provide: "A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." Rule ____.

CASE NO. 07-21605 CIV-HIGHSMITH/GARBER

Dated: April 25, 2008
Miami, Florida

                                        Respectfully submitted,

By: _____
Christine L. Wilson, Esq.
Florida Bar No. 143588
Email: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-mail: *schwartj@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466
Attorneys for Defendants

CASE NO. 07-21605 CIV-HIGHSMITH/GARBER

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
Christine L. Wilson, Esq.

## SERVICE LIST

**Leonard Chernys v. Standard Pacific of South Florida, G.P. Inc., and Standard Pacific Corp.**

Case No. 07-21605 Civ-Highsmith/Garber
United States District Court, Southern District of Florida

Gary M. Carman, Esq.
E-mail: *gmc@carmanlawfl.com*
GARY M. CARMAN, P.A.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, Florida 33131
Telephone: 305-379-8300
Facsimile: 305-379-4404
Counsel for Plaintiff/Leonard Chernys
Served via transmission of Notices of Electronic Filing generated by CM/ECF

and

Melanie E. Damian, Esq.
E-mail: *mdamian@dvllp.com*
DAMIAN & VALORI, LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: 305-371-3960
Facsimile: 305-371-3965
Co-counsel for Plaintiff/Leonard Chernys
Served via transmission of Notices of Electronic Filing generated by CM/ECF

Christine L. Wilson, Esq.
Email: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: schwartj@jacksonlewis.com
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466
Attorneys for Defendants
Standard Pacific of South Florida, G.P. Inc., and Standard Pacific Corp.