UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21605-CIV-LENARD/GARBER

LEONARD CHERNYS, an individual, )
)
     Plaintiff, )
)
v. )
)
STANDARD PACIFIC OF SOUTH )
FLORIDA, G.P. INC., a foreign profit )
corporation, and STANDARD PACIFIC )
CORP., an unregistered corporation, )
)
     Defendants. )
)

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P. INC., and STANDARD PACIFIC CORP., timely file their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Complaint") as follows:

  1.  Defendants admit that Plaintiff seeks damages in excess of $15,000.00, but deny that Plaintiff is entitled to any relief in this action.

  2.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, those allegations are denied, except Defendants admit Plaintiff is over the age of eighteen.

  3.  Defendants admit that Standard Pacific of South Florida, G.P. is a foreign corporation with its principal place of business in Miami-Dade County, Florida, but deny the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit that Plaintiff worked for Westbrooke Communities, Inc., but deny the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit Plaintiff held a contractor's license during his employment.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint, except admit he was an executive of Westbrooke.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit that Westbrooke was acquired by Standard Pacific Corp. in April 2002 and Plaintiff was employed by Westbrooke at that time, but deny the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants admit that Plaintiff held the positions of Senior Vice-President for Operations and then Senior Vice-President of Product Development, but deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff held the title Senior Vice-President of Product Development in 2006, but deny the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that Plaintiff participated in the Profit Sharing Plan for 2005 and received a profit sharing contribution over one million dollars, but deny the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendants admit that Ibarria advised Plaintiff that he would not participate in the 2006 Profit Sharing Plan, but deny the remaining allegations contained in paragraph 20 of the Complaint.

21. Defendants admit that Plaintiff understood and agreed that he would not participate in the 2006 Profit Sharing Plan, but deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit that Plaintiff was given the opportunity to work as a

consultant for Standard Pacific of South Florida pursuant to the terms of a Consulting Agreement. Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint, and move to strike this paragraph because any such communications would represent a compromise or offer to compromise a claim under Florida Statute Section 90.408.

25. Defendants admit that Plaintiff rejected the benefits that were offered to him, but deny the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

## COUNT I – BREACH OF CONTRACT

28. Defendants reallege and incorporate their responses to paragraphs 1 through 27 of the Complaint as though set forth fully herein.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants admit that Plaintiff received a profit share distribution in 2005, but deny the remaining allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the *ad damnum* clause contained in Count I of the Complaint.

## **COUNT II – AGE DISCRIMINATION**

(Violation of 29 U.S.C. § 631, *et seq*.)

35. Defendants reallege and incorporate their responses to paragraphs 1 through 27 of the Complaint as though set forth fully herein.

36. Defendants admit Plaintiff has claimed a violation of the Age Discrimination in Employment Act, but deny any violations of the statute occurred.

37. Defendants admit Plaintiff filed a charge of discrimination with the EEOC and that the EEOC served Defendants with a Right to Sue notice. Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint calls for a legal conclusion to which no response is required.

39. Paragraph 39 of the Complaint calls for a legal conclusion to which no response is required.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.[1]

Defendants deny that Plaintiff is entitled to any of the relief requested in the *ad damnum* clause contained in Count II of the Complaint.

## **COUNT III – AGE DISCRIMINATION**

(Violation of Florida Statutes Section 760.01, *et seq*.)

50. Defendants reallege and incorporate their responses to paragraphs 1 through 27 of the Complaint as though set forth fully herein.[2]

51. Defendants admit Plaintiff has claimed a violation of the Florida Civil Rights Act, but deny any violations of the statute occurred.

52. Defendants admit Plaintiff filed a charge of discrimination with the EEOC and that the EEOC served Defendants with a Right to Sue notice. Defendants deny the remaining allegations contained in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint calls for a legal conclusion to which no response is required.

54. Paragraph 54 of the Complaint calls for a legal conclusion to which no response is required.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

---

[1] Plaintiff incorrectly numbered paragraph 43 as paragraph 49 in the Second Amended Complaint.
[2] Plaintiff incorrectly numbered paragraphs 44-52 in the Second Amended Complaint as numbers 50-58.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the *ad damnum* clause contained in Count III of the Complaint.

## JURY TRIAL DEMANDED

Defendants admit that Plaintiff seeks a trial by jury on all issues so triable.

## STATEMENT OF DEFENSES

### First Defense

59. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation(s).

### Second Defense

60. Plaintiff's claims are barred, in whole or in part, because Standard Pacific Corp. is not a proper party to this action.

### Third Defense

61. Plaintiff's breach of contract claim is barred, in whole or in part, by the statute of frauds.

### Fourth Defense

62. Plaintiff's breach of contract claim is barred, in whole or in part, by the economic loss rule.

### Fifth Defense

63. Plaintiff's breach of contract claim is barred because Jim Carr lacked actual, apparent and/or implied authority to make the alleged promises/statements at issue in this action.

### Sixth Defense

64. Plaintiff's breach of contract claim is barred because there is no consideration flowing to Defendants to support Plaintiff's claims and/or the alleged promises at issue.

### Seventh Defense

65. Plaintiff's breach of contract claim is barred on the grounds of indefiniteness, lack of mutuality of obligation, and the alleged promises at issue are otherwise illusory.

### Eighth Defense

66. Plaintiff's breach of contract claim is barred on the grounds of mutual mistake and/or the fact there was no meeting of the minds. As such, the alleged contract is void or voidable and should be rescinded.

### Ninth Defense

67. Plaintiff was an at-will employee who could be terminated at any time, with or without notice and with or without cause.

### Tenth Defense

68. To the extent that there was a contract between the parties, Plaintiff is not entitled to any damages because he materially breached the terms of the agreement thus relieving Defendants of any further obligation on its part under such agreement.

### Eleventh Defense

69.     Plaintiff's Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Twelfth Defense

70.     Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation.

### Thirteenth Defense

71.     Plaintiff's claims for damages are barred, in whole or in part, by his failure to take reasonable steps to mitigate his damages.

### Fourteenth Defense

72.     Plaintiff's claim for discrimination fails and/or his recovery of damages is limited because Defendants exercised reasonable care to prevent and correct promptly, any alleged discriminatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise.

### Fifteenth Defense

73.     Defendants have made good faith efforts to prevent discrimination in the workplace, and thus cannot be liable for the decision of their agents, or punitive damages, to the extent the challenged employment decisions were contrary to their efforts to comply with anti-discrimination statutes.

### Sixteenth Defense

74.     Plaintiff's claims and/or claims for damages are barred (or limited) to the extent it is shown he engaged in misconduct prior to, during, or in connection with, his employment, that otherwise would have resulted in his discharge if such conduct were then known to Defendants.

**Seventeenth Defense**

75.     Plaintiff's claims of discrimination are barred on the grounds that, even if any decisions concerning Plaintiff were based in part on Plaintiff's age, which they were not, Defendants would have reached the same decision, absent any consideration of Plaintiff's age.

**Eighteenth Defense**

76.     There were legitimate, non-discriminatory reasons for all employment decisions made by Defendants regarding Plaintiff.  Plaintiff's age was not a motivating, determining or substantial factor(s) in any of Defendants' employment decisions as to Plaintiff.

**Nineteenth Defense**

77.     Plaintiff's claims are barred by the doctrine of estoppel and/or laches.

**Twentieth Defense**

78.     Plaintiff's age discrimination claims are barred, in whole or in part, by his failure to follow and/or exhaust all administrative prerequisites prior to filing this lawsuit.

79.     Defendants reserve the right to amend their affirmative defenses.

**WHEREFORE**, Defendants, STANDARD PACIFIC OF SOUTH FLORIDA, G.P. INC., and STANDARD PACIFIC CORP., respectfully request that this Honorable Court:

(a) dismiss Plaintiff's Second Amended Complaint with prejudice;

(b) deny Plaintiff's demands and prayers for relief;

(c) grant such other and further relief as this Court deems just and proper.

Case No. 07-21605-CIV-LENARD/GARBER

Dated:  March 6, 2009
       Miami, Florida

Respectfully submitted,

By: s/Christine L. Wilson
    Christine L. Wilson, Esq.
    Florida Bar No. 143588
    Email: *wilsonc@jacksonlewis.com*
    Jennifer A. Schwartz, Esq.
    Florida Bar No. 502431
    E-mail: *schwartj@jacksonlewis.com*
    JACKSON LEWIS LLP
    One Biscayne Tower, Suite 3500
    2 South Biscayne Boulevard
    Miami, Florida  33131
    Telephone:  305-577-7600
    Facsimile:   305-373-4466
    Attorneys for Defendants
    STANDARD PACIFIC OF SOUTH
    FLORIDA, G.P. INC., and STANDARD
    PACIFIC CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Jennifer A. Schwartz
Jennifer A. Schwartz, Esq.

Case No. 07-21605-CIV-LENARD/GARBER

## SERVICE LIST

**Leonard Chernys v. Standard Pacific of South Florida, G.P. Inc.,
and Standard Pacific Corp.**

**Case No. 07-21605-CIV-LENARD/GARBER
United States District Court, Southern District of Florida**

Gary M. Carman, Esq.
E-mail:  *gmc@carmanlawfl.com*
GARY M. CARMAN, P.A.
Mellon Financial Center, Suite 2050
1111 Brickell Avenue
Miami, Florida 33131
Telephone: 305-379-8300
Facsimile:  305-379-4404
Counsel for Plaintiff/Leonard Chernys
Served via transmission of Notices of Electronic Filing generated by CM/ECF

and

Melanie E. Damian, Esq.
E-mail:  *mdamian@dvllp.com*
DAMIAN & VALORI, LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone:  305-371-3960
Facsimile:   305-371-3965
Co-counsel for Plaintiff/Leonard Chernys
Served via transmission of Notices of Electronic Filing generated by CM/ECF

Christine L. Wilson, Esq.
Email: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: schwartj@jacksonlewis.com
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone: 305-577-7600
Facsimile:  305-373-4466
Attorneys for Defendants
Standard Pacific of South Florida, G.P. Inc., and Standard Pacific Corp.